GIMÉNEZ, DEMANDANTE Y APELANTE, v. ALFONSO, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre cobro de dinero.

No. 2323.—Resuelto en abril 8, 1921.

JURISDICCIÓN DEL TRIBUNAL SUPREMO—APELACIONES PROCEDENTES DE CORTES MUNICIPALES.—Cuando la cuantía reclamada en una demanda iniciada ante una corte municipal excede de trescientos dólares, el Tribunal Supremo tiene jurisdicción para conocer del recurso en apelación procedente de la corte de distrito.

COBRO DE DINERO—CAUSA DE ACCIÓN—EXCEPCIÓN PREVIA DE FALTA DE HECHOS.—Surgiendo de las alegaciones de la demanda en este caso, las cuales se consignan en la opinión, la obligación por parte del demandado de satisfacer al demandante la suma que le reclama, es preciso concluir que alega la demanda hechos suficientes para determinar una causa de acción.

ID.—CUENTA CORRIENTE—ALEGACIONES INNECESARIAS.—El acreedor de una cuenta corriente no está obligado a practicar una liquidación de la misma con intervención y conformidad del deudor para poder reclamarle judicialmente el saldo insoluto, pues dependiendo su liquidación de una simple operación aritmética, las cuentas corrientes se entienden siempre liquidadas.

ID.—ID.—Atendidos los términos del artículo 124 del Código de Enjuiciamiento Civil, cuando se reclama judicialmente el importe de una cuenta corriente expresando las causas de deber no es necesario relacionar detalladamente en la demanda las diversas partidas con expresión del precio y demás circunstancias de cada venta.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. E. Márquez.

Abogado del apelado: Sr. A. Agosto.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Visto en la Corte de Distrito de San Juan, Sección Primera, mediante juicio de novo el caso seguido en la Corte Municipal de Bayamón por Manuel Giménez Acosta contra Eduardo Alfonso sobre cobro de dinero, dicha corte, después de practicadas las pruebas del demandante, pues el demandado no propuso prueba alguna, pronunció sentencia en 15 de mayo de 1920 desestimando la demanda por el fundamento de que los hechos en ella alegados no eran suficientes para constituir una causa de acción.

Contra esa sentencia interpuso el demandante recurso de apelación para ante esta Corte Suprema, alegando entre otras razones atinentes a los méritos del caso, que la corte incurrió en error al creer que el demandante no podía reclamar el cobro de su crédito porque la cuenta no era líquida o porque no se señalaba al demandado plazo para el pago y que la corte en todo caso debió conceder al demandante un plazo razonable para enmendar la demanda sin desestimarla en los términos en que lo hizo.

La demanda enmendada contiene las siguientes alegaciones:

"I. Que demandante y demandado son mayores de edad, vecinos de Bayamón de este distrito judicial.

"II. Que el demandado tomó al fiado en cuenta corriente en el establecimiento comercial del demandante, establecido en Bayamón (para la venta de efectos de automóviles y negocios relativos a ese ramo) diversos artículos de esa clase, o sean de automóviles o guaguas, por valor de $577.46, desde 10 de noviembre de 1918 hasta 15 de junio de 1919.

"III. Que además el demandado tomó en arriendo al demandante con anterioridad al mes de noviembre de 1918, dos garages para automóviles, uno al precio de $6 por mes y otro al precio de $5 por mes, pagaderos estos cánones por meses vencidos, venciendo cada uno en treinta de cada mes. Que el de precio de $5 lo desocupó el demandado en 30 de abril de 1919. Que del alquiler del mes de octubre de 1918 solamente pagó el demandado por el garage el precio de $5, una mitad, o sean $2.50 y quedó adeudando la otra mitad del arriendo de ese mes, no pagando tampoco en ese mes de octubre a su vencimiento el alquiler del garage de precio de $6. Y entonces el demandante le cargó en su cuenta corriente ese resto de alquileres en los garages del mes de octubre, o sean $8.50; y sucediendo igual en los meses sucesivos, en que no pagaba a fin de mes el importe de alquileres de esos dos garages, se le siguió cargando en la cuenta corriente lo adeudado por ese concepto, y así esos alquileres adeudados o cargados en cuenta corriente importan $81.50.

"IV. Que el demandado ha abonado a esa cuenta corriente desde 11 de noviembre de 1918, hasta 22 de junio de 1919, en diferentes partidas $357 y se le ha abonado también $3.95 en total por varias

bonificaciones y descuentos, sumando así sus abonos en total $360.95, y por lo cual el demandado ha quedado así adeudando al demandante $308.01.

"V. Que el demandante ha hecho diversas gestiones para conseguir que el demandado le pague al demandante esos importes adeudados como saldo, sin haber podido conseguir que se le paguen."

La demanda concluye con la súplica de que se dicte sentencia contra el demandado declarando que como resultado de dicha cuenta corriente adeuda al demandante la suma de $308.01 y ordenando que debe pagar esa cantidad al demandante con los intereses legales correspondientes desde 30 de julio de 1919 en que se interpuso la demanda, más las costas y gastos del pleito.

Ante todo debemos dejar establecido contra la contención de la parte apelada que esta Corte Suprema tiene jurisdicción para conocer del recurso, según el artículo 295 del Código de Enjuiciamiento Civil enmendado por la ley de 9 de marzo de 1905, por exceder la cuantía de la reclamación de $300.

Entendemos que los hechos alegados en la demanda determinan una causa de acción, pues si las alegaciones se aceptan como ciertas surgen de ellas como conclusión necesaria en derecho, la obligación por parte del demandado de satisfacer al demandante la suma que le reclama. Las causas de deber por parte del demandado con relación al demandante se expresan suficientemente en la demanda, a saber, contratos de compraventa al fiado y de arrendamiento. No sucedía lo propio en el caso de *Sucesores de Martínez* v. *T. Dávila & Co.*, 18 D. P. R. 80, en el que declaramos que los hechos expuestos en la demanda no determinaban una causa de acción por reclamarse en ella una deuda que en parte procedía de relaciones mercantiles entre demandante y demandado, y en parte de cesión de créditos de diversas sociedades mercantiles, sin que se mostrara el origen de esos créditos cedidos ni cuáles fueran los contratos que originaran aquellas relaciones.

Y no era necesario que se practicara una liquidación de cuentas con intervención del demandado y conformidad del mismo para exigirle en cualquier tiempo el pago del saldo que resultara adeudar en cuenta corriente al demandante, pues según sentencia del Tribunal Supremo de España de 2 de diciembre de 1887 las cuentas corrientes se entienden siempre liquidadas por depender su liquidación de una simple operación aritmética. Las sumas adeudadas por compra de mercancías que no se satisfagan de contado sino que se carguen en cuenta, generalmente y según la práctica comercial, son para cobrarse en cualquier fecha en que el vendedor reclama el saldo a su favor, salvo que haya pacto en contrario aplazándose el pago, cuya excepción será en su caso materia de defensa.

Tampoco era necesario que se incluyeran en la demanda las diversas partidas vendidas y entregadas al comprador y no pagadas por él, el precio y las demás circunstancias de las distintas compras hechas, pues el Código de Enjuiciamiento Civil excluye tal necesidad en su artículo 124, que dice así:

"Artículo 124.—En las alegaciones no es necesario que la parte que alega la existencia de alguna cuenta, detalle las partidas de ésta, pero deberá entregar a la parte contraria dentro de los diez días de haberla pedido por escrito, una copia de dicha cuenta, requisito sin el cual quedará imposibilitada de presentar prueba en apoyo de la misma. La corte o juez podrá disponer la presentación de otra cuenta además de la presentada, si ésta fuere demasiado general o resultare defectuosa en alguno de sus particulares."

Según el precepto transcrito, el demandante no tenía que detallar las partidas de la cuenta en que basaba su acción sino que al demandado incumbía pedir una copia de dicha cuenta para contradecirla en el juicio si así convenía a su derecho. Así lo entendió la parte demandada al solicitar como solicitó del demandante y se le concedió en la corte municipal, que se le entregara una copia de su cuenta co-

rriente desde el comienzo de dicha cuenta hasta la última partida anterior a la presentación de la demanda.

En contra del recurso y en pro de la confirmación de la sentencia recurrida invoca la parte apelada la decisión de esta corte en el caso de *E. Rubio e Hijos* v. *Carrasco,* 26 D. P. R. 255; pero en ese caso la demandante fundaba más bien su acción en la liquidación de varias cuentas, lo que no ocurre en el presente. De todos modos la doctrina que dejamos consignada es la que debe regular la cuestión legal planteada.

Es de revocarse la sentencia apelada y devolverse el caso a la Corte de Distrito de San Juan, Sección Primera, para procedimientos no inconsistentes con la presente opinión.

> *Revocada la sentencia apelada y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.