SANABRIA, DEMANDANTE Y APELADO, *v.* ROSA ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre cobro de dinero.

No. 2993.—Resuelto en diciembre 6, 1923.

CUENTA CORRIENTE; SU LIQUIDACIÓN—DEMANDA SUFICIENTE—ALEGACIONES INNECESARIAS.—Para que sea suficiente una demanda en la cual se reclama del demandante el importe de mercaderías que le vendió y entregó en cuenta corriente el demandante, cuya cuenta liquidada arroja el saldo reclamado no es necesario alegar que éste fué reconocido y aceptado por el demandado, porque la liquidación de una cuenta corriente depende de una simple operación aritmética; y tampoco es insuficiente la demanda porque no detalle las diversas partidas que forman la cuenta. *Jiménez* v. *Alfonzo,* 29 D. P. R. 322.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. A. Aponte, Jr.*

Abogado del apelado: *Sr. F. González.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Simón Rosa apela de una sentencia que lo condena a pagar a su demandante la cantidad de $316.83.

La demanda alega que entre las partes existe una cuenta corriente por mercaderías vendidas y entregadas por el demandante al demandado, la que liquidada el día de la demanda arroja a favor del demandante el saldo cuyo pago reclama, y que no le ha sido satisfecho por el demandado en todo ni en parte a pesar de haberlo requerido para ello.

Alega el apelante como único motivo de su recurso que la corte inferior cometió error al declarar sin lugar la excepción previa que adujo contra la demanda, fundada en que no aduce hechos suficientes determinantes de causa de acción, porque reclamándose el saldo de una cuenta corriente liquidada ha debido alegarse que ese saldo ha sido reconocido y aceptado por el demandado para que surja la obligación de pagar dicha cuenta como documento exigible o deuda liquidada.

Está equivocado el apelante. Tal alegación no es necesaria para cobrar el saldo que arroje la liquidación de una cuenta, aunque será conveniente al demandante en el caso de que efectivamente su deudor haya estado conforme con la exactitud del saldo resultante de la liquidación de la cuenta corriente porque entonces no tendrá que probar las diversas partidas de dicha cuenta pues le bastará probar que su demandado ha reconocido la certeza o exactitud del saldo de dicha cuenta para que sea procedente una sentencia condenatoria. Una demanda, como la presente, en la que se alega que liquidada la cuenta arroja el saldo que reclama el demandante lo único que dice en este particular es que se han hecho las operaciones aritméticas necesarias con la cuenta corriente para conocer el saldo que arroja, que es lo que significa liquidar una cuenta, operación que puede hacerse en cualquier tiempo. Por esto la demanda en este caso es suficiente porque si es cierto, como tenemos que dar por sentado ahora, que se estableció una cuenta co-

rriente entre las partes por mercaderías que el demandante vendió y entregó al demandado, que liquidada, o sea, hechas las operaciones aritméticas necesarias por el demandante, arroja a su favor el saldo que reclama y que no ha sido pagado en todo ni en parte, no puede caber duda de que el demandante puede obtener sentencia a su favor por dicho saldo. Es cierto que en la demanda no se expresan las partidas que forman la cuenta corriente pero esto no era necesario según el artículo 124 del Código de Enjuiciamiento Civil, el que impone al demandante la obligación de entregar copia de dicha cuenta al demandado si éste se la pide, sin cuyo requisito no podrá presentar prueba en apoyo de la misma. En el caso de *Giménez* v. *Alfonso,* 29 D. P. R. 322, la demanda era parecida a la presente y la declaramos suficiente, diciendo además que la doctrina en él establecida es la que debe regular la cuestión en él planteada, que fué la insuficiencia de la demanda por no alegar que la liquidación de la cuenta se había practicado con intervención y conformidad del demandado y por no incluirse en ella las diversas partidas de la cuenta corriente.

En el caso de *Pioner Fuel Co.* v. *Hager,* de la Corte Suprema de Minnesota, 58 Northwestern Rep. 828, que el apelante citó en apoyo de la insuficiencia de la demanda no tiene aplicación al presente porque se fundó en que no se alegaba en la demanda que las mercancías habían sido vendidas por el demandante, alegación que se hace en la que estamos considerando.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Hutchison y Franco Soto.

El Juez Asociado Sr. Wolf firmó: "Conforme con la sentencia."

OPINIÓN CONCURRENTE DEL JUEZ ASOCIADO SR. WOLF.

En este caso la demanda mostraba que el demandante había vendido y entregado mercaderías al demandado por las cuales el segundo debía un saldo de $316.83. Esto era una exposición de una causa de acción, quizás vagamente expresada. Los demandados hubieran tenido derecho a una cuenta detallada por las mercaderías vendidas y entregadas, solicitando las partidas. Ellos no tenían derecho a formular excepciones previas.

En tanto la decisión de esta corte sostiene la suficiencia de la demanda, en cuanto a una cuenta liquidada, creo que la opinión está equivocada. Es cierto que esta corte así lo resolvió en el caso de *Giménez* v. *Alfonso*, 29 D. P. R. 322, pero después de una consideración soy de opinión que la verdadera doctrina quedó sentada en el caso de *Rubio et al.* v. *Carrasco*, 26 D. P. R. 255, y en cierto modo en el de *Sucesores de Martínez* v. *Dávila*, 18 D. P. R. 80. Una cuenta liquidada, según entiendo, requiere la conformidad de ambas partes. 1 R. C. L. 207. *Unión Bank* v. *Knapp*, 3 *Pick* (Mass.) 96; *Chace* v. *Trafford*, 116 Mass. 529.