LIZARDI, DEMANDANTE Y APELADO, *v.* MARRERO, DEMANDADO Y APELANTE.

Apelación procedente de la Corte de Distrito de Humacao en pleito sobre cobro de dinero.

No. 2821.—Resuelto en diciembre 14, 1923.

CUENTA CORRIENTE—CAUSA DE ACCIÓN—DEMANDA SUFICIENTE.—Cuando se demanda judicialmente el cobro de una cuenta corriente no es necesario detallar en la demanda las diversas partidas que forman el total reclamado, ni tampoco que el saldo de la cuenta había sido aceptado por el demandado. *Jiménez* v. *Alfonzo,* 29 D. P. R. 322.

ID.—ALEGACIONES—PRUEBA.—No habiéndose demostrado parcialidad, pasión, pre-

juicio o error manifiesto en la apreciación de la prueba y siendo la demanda
suficiente, pues si bien en ella se omitió expresar el año en que vencía la
obligación, del contexto general de la misma se deduce que dicho año fué
el 1921, debe confirmarse la sentencia recurrida.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. R. Arce.*

Abogados del apelado: *Sres. C. Travecier* y *A. L. López.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

El 7 de junio de 1921 se radicó en la Corte de Distrito de Humacao la demanda en este pleito. Copiada, en lo pertinente, dice así:

"II.—Que el demandante en distintas fechas del año mil novecientos veinte, entregó al demandado en diversas partidas de dinero para refaccionar una plantación de tabaco, ascendentes las sumas prestadas a OCHOCIENTOS VEINTE Y CUATRO DÓLARES CINCUENTA CENTAVOS, cuya cantidad por convenio de ambas partes devengaba el uno por ciento de interés desde el treinta y uno de mayo, fecha en que debía ser satisfecha la deuda hasta que ésta fuese totalmente solventada.

"III.—Que con igual fin en treinta y uno de mayo de mil novecientos veinte el demandante entregó al demandado la suma de TRESCIENTOS DÓLARES la cual fué consignada en un pagaré otorgado firmado y entregado por el demandado al demandante y el cual venció en treinta y uno de diciembre de mil novecientos veinte y que copiado literalmente es como sigue: (Se transcribe el pagaré).

"IV.—Que ambas deudas forman un total de mil ciento veinte y cuatro dólares cincuenta centavos más sus intereses los cuales no han sido pagados ni en todo ni en parte no obstante haber sido requerido de pago el demandado varias veces."

El demandado alegó que la demanda no aducía hechos suficientes para determinar una causa de acción. La excepción fué declarada sin lugar.

Solicitó entonces el demandado que se produjera por el demandante una cuenta corriente y así lo hizo el demandante.

Contestó el demandado negando el hecho segundo de la demanda y alegando a su vez que era un agricultor de tabaco y que el demandante se comprometió a refaccionarlo a razón de ciento cincuenta dólares por cada cuerda de siembra y con arreglo a determinadas otras condiciones que el demandante no cumplió llegando sólo a suplirle $138 en metálico y $246.70 en efectos, o sea un total de $384.70. Aceptó la existencia del pagaré a que se refiere el hecho tercero de la demanda y estableció una contrademanda reclamando al demandante dos mil dólares por los daños y perjuicios que le causara a virtud del incumplimiento del contrato de refacción.

Fué el pleito a juicio. Se practicó una larga prueba y la corte finalmente dictó sentencia declarando la demanda con lugar y sin lugar la contrademanda. El demandado entonces interpuso el presente recurso de apelación señalando en su alegato cuatro errores cometidos a su juicio por la corte, 1, al desestimar la excepción previa; 2, al considerar exigible una obligación que no lo era; 3, al estimar suficiente la prueba del demandante, y 4, al no apreciar debidamente las defensas del demandado.

Discutiendo el primer error, sostiene el apelante que la demanda:

"(*a*) No expresa los días y meses del año 1920 en que el demandante supliera al demandado las diversas partidas de dinero, montantes a $824.50, que se relacionan por la alegación II; (*b*) Ni que el demandado tuviera reconocido y aceptado tal saldo; (*c*) Ni la fecha definida en que el supuesto deudor se hubiera obligado a devolver tal cantidad, puesto que simplemente se cita el día 31 de mayo, sin indicación de año alguno."

No era necesario detallar en la demanda las diversas partidas de la cuenta, quedando obligado el demandante a entregar a la parte contraria, de acuerdo con lo establecido en el art. 124 del Código de Enjuiciamiento Civil, una copia de la cuenta. Y eso fué lo que se hizo en el presente caso.

Tampoco era necesario alegar, dados los términos en que se estableció la demanda, que el saldo de la cuenta había sido aceptado por el demandado. *Jiménez* v. *Alfonzo*, 29 D. P. R. 322.

Realmente en el hecho segundo de la demanda no se expresa el año en que vencía la obligación. Aparece el día y el mes. A nuestro juicio el contexto general de la alegación y de la fecha en que fué archivada, puede deducirse que el año era el 1921. Siendo ello así no creemos que la omisión pueda considerarse como error fundamental y por tanto que la corte de distrito no desestimó impropiamente la excepción.

Los otros errores señalados guardan relación con la prueba que fué apreciada por el tribunal sentenciador así:

"Por el resultado de la prueba practicada, la corte estima que el demandante ha probado todas las alegaciones de su demanda, excepto en cuanto se refiere a la obligación de pagar el demandado intereses del 1% desde el 31 de mayo de 1921, por la cantidad de $824.50 por materiales y dinero entregados; y que el demandado no ha justificado a satisfacción de la corte, que sólo está en deber al demandante la cantidad de $684.70, ni las demás alegaciones de su contestación y contrademanda en que reclama daños y perjuicios por incumplimiento de contrato."

Hemos leído cuidadosamente la prueba practicada. Es contradictoria en extremos esenciales. De haberle dado crédito a sus testigos, la corte debió haber fallado el pleito a favor del demandado. Pero la corte no les dió crédito, creyendo por el contrario los testigos del demandante y aunque hemos tenido algunas dudas al examinar por nosotros mismos la evidencia, no son dichas dudas en tal grado que nos permitan afirmar que el juez sentenciador errara de modo manifiesto.

Procede la confirmación de la sentencia recurrida.

*Confirmada la sentencia recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, Hutchison y Franco Soto.

El Juez Asociado Sr. Aldrey no intervino en la resolución de este caso.