GASPAR BERIO, demandante y apelante, *v.* SANTIAGO DE SANTIAGO, demandado y apelado.

No. 5323.—*Sometido:* Junio 10, 1931. *Resuelto:* Marzo 28, 1932.

*L. A.* y *M. A. García del Rosario,* abogados del apelante; *C. Domínguez Rubio,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En este caso la parte apelada solicitó la desestimación del recurso por no haberse incluído en el legajo de la sentencia copia de ésta. La parte apelante se opuso. Examinados los autos, encontramos que si bien debió aparecer al pie de la sentencia que se incluye en los mismos la nota de su registro en el libro correspondiente, el defecto puede considerarse suplido por la copia de la notificación de la sentencia en la que se le dice a la parte que dicha sentencia

"fué debidamente registrada en el libro correspondiente", y por las copias acompañadas a la oposición.

■■ Pendiente la moción de desestimación se celebró la la vista del caso en su fondo. De los autos resulta que Gaspar Berio demandó a Santiago de Santiago en reclamación de $622, intereses y costas. Basó su reclamación en los siguientes hechos:

"Que allá por el día 26 de abril de 1927 se estableció una cuenta corriente entre demandante y demandado, por medio de la cual el demandado tomó dinero y efectos del establecimiento que el demandante posee en el barrio 'Cuchillas' de Corozal, la que al liquidarse en julio 30 de 1927, arrojó un balance de $622.02 a favor del demandante.

"Que desde la fecha de la referida liquidación o sea julio 30 de 1927, el demandante ha realizado gestiones con el fin de obtener el cobro de la referida cantidad de $622.02, sin que hasta la fecha haya logrado su propósito porque el demandado se ha negado y se niega a satisfacerla.

"Que la deuda del demandado para con el demandante es líquida y exigible, no habiéndola aquél pagado ni en parte ni en totalidad."

Contestó el demandado negando general y específicamente los hechos alegados en la demanda.

Fué el pleito a juicio y la corte lo resolvió por sentencia favorable al demandado. Entonces el demandante interpuso el presente recurso de apelación. Señala en su alegato la comisión de seis errores, cometidos, a su juicio, el primero al admitir evidencia al demandado sobre hechos que no alegó afirmativamente en la contestación, el segundo al calificar el contrato de agencia y no de cuenta corriente, el tercero, el cuarto y el quinto al apreciar la prueba, y el sexto al imponerle las costas.

Estudiaremos conjuntamente los dos primeros. Se queja el apelante de que la corte, no obstante haberse limitado el demandado en su contestación a negar general y específicamente los hechos alegados en la demanda, le permitiera probar en el juicio que los $1,600 a que la demanda se refiere

le fueron entregados para la compra de tabaco en comisión, que compró y entregó a satisfacción del demandante. Cita el apelante un largo número de autoridades en apoyo de su contención.

Para decidir la cuestión planteada en justicia es necesario referirse no sólo a la demanda, si que también a la actitud asumida por el demandante en el juicio.

El primer testigo que declaró fué el propio demandante. Se le hizo la siguiente pregunta: ''¿En qué fecha fué que usted dijo que había empezado esa cuenta?'' Y contestó: ''El día 5 de abril de 1927 le di un cheque de mil pesos a cuenta de la cosecha de su tabaco.'' Se opuso el demandado ''porque no está eso alegado específicamente'', y la corte sostuvo su oposición, pero después permitió que el demandante y sus testigos desarrollaran su teoría, a saber: que los mil seiscientos dólares fueron entregados por el demandante al demandado en dos ocasiones y en dos cheques, uno de mil y otro de siescientos, para comprarle su cosecha de tabaco; que el demandado entregó tabaco por valor de $940.93, quedando a deber $633.22.

¿Varió o no varió el propio demandante sus alegaciones? A nuestro juicio la pregunta debe contestarse en la afirmativa.

En la demanda se alegó el establecimiento de una cuenta corriente entre demandante y demandado. ¿Fué una verdadera cuenta corriente lo que intentó el demandante probar en el juicio? Dice la Enciclopedia Jurídica Española, en su tomo 10, p. 50:

''CUENTA CORRIENTE. El comerciante que, de un modo regular y constante, vive en relación de negocios con otro comerciante, puede liquidar éstos de dos modos distintos: o bien por medio de liquidaciones parciales, una para cada uno de los contratos mediados, o bien abriendo una cuenta general, a la que lleva todas las operaciones que practica con su colega, y haciendo de la misma una liquidación general en época determinada. Este último sistema, más cómodo y más económico de tiempo, es el que los comerciantes

discurrieron desde hace mucho, y es el que, cuando es recíproco, se conoce con el nombre de cuenta corriente.

"Y, como el supuesto de las operaciones parciales es el de la venta de los efectos remitidos en cada una de ellas, es claro y natural que el conjunto, o sea la cuenta corriente, habrá de ser igualmente una compraventa continuada, dentro del período de liquidación de la misma, sin otra solución de continuidad que ésta.

"Esta cuenta corriente ha surgido por modo espontáneo en los libros de contabilidad de los comerciantes, y por ello hay quien sostiene que es más bien un simple modo de contabilidad que un contrato. Lo cual podrá ser cierto cuando la cuenta se refiera a cosas o personas comerciantes o no, cuyo conocimiento del respectivo *debe* o *haber* interesa solamente al dueño de los libros, pero no lo será cuando se trate de una relación continuada de negocios entre dos comerciantes que se liquidan en la forma indicada; pues entonces, hágase esto por convenio expreso o tácito, hay forzosamente un contrato especialísimo que ha regulado de un modo perfecto la costumbre mercantil, y que empieza a hacer su aparición en los Códigos de Comercio.

"El nuestro no lo regula, sin embargo, y eso que sus autores demostraron de un modo fehaciente que conocían su existencia, pues en el art. 909 se excluyen de la masa de la quiebra los caudales remitidos fuera de cuenta corriente que tuviere el quebrado en su poder para entregar a persona determinada, en nombre y por cuenta del comitente o para satisfacer obligaciones que hubieren de cumplirse en el domicilio de aquél; cuya exclusión demuestra que el legislador tuvo muy presente, al declarar esto, que el efecto inmediato de la cuenta corriente es la transmisión de la propiedad de las cosas remitidas dentro de la misma.

"Que es un contrato, como queda dicho, y no un hecho práctico o un simple modo de contabilidad, y además un contrato especialísimo, se demuestra por las circunstancias de que dicha cuenta produce efectos jurídicos, perfectamente distintos de los derivados de las diversas operaciones particulares que lo integran; inconfundible, por tanto, con ellas, al modo como los contratos que sirven de precedente necesario a la existencia de las letras de cambio, no se confunde con la letra, cuyas consecuencias y efectos jurídicos son perfectamente distintos del contrato o contratos que la engendraron. Y como ya hemos dicho también que esta cuenta corriente no puede existir sin la conformidad de los que la sostienen, esta conformidad, resulte de acuerdo expreso o tácito de las partes, constituye el nexo del contrato.

"Como en esta cuenta las partes pueden ser acreedoras o deudoras, indistintamente, para que no resulte beneficiada la una en perjuicio de la otra, los respectivos ingresos que en ella se inscriben dan derecho al acreedor al cobro de un interés igual para ambos contratantes, con lo cual se facilita también la liquidación de la cuenta y se hace posible la existencia de ella.

"Teniendo presente el sencillo mecanismo de esta cuenta, podremos definirla diciendo que es un contrato por el que dos comerciantes convienen en remitirse recíprocamente mercaderías o valores de cualquier clase, a título de propiedad y con deducción de intereses por su respectivo importe, a condición de que uno y otro figuren como crédito pasivo o debe en la cuenta del que lo recibe, y como crédito activo o haber en la del que lo remite, y de que se liquiden y extingan por compensación los respectivos débitos en la época convenida para ello, a excepción del saldo definitivo que arroje a favor de uno de los cuentacorrentistas."

En la práctica el significado de una "cuenta corriente" se ha extendido a otras relaciones (1 Digesto de Puerto Rico 797 y siguientes), pero si dos personas se ponen de acuerdo una en comprar y otra en venderle su cosecha de tabaco y al efecto la primera adelanta a la segunda mil seiscientos dólares y la segunda entrega a la primera tabaco por valor de $940.93, no es posible sostener que el contrato constituya una cuenta corriente pura y simple, por la circunstancia de que uno de los contratantes sea comerciante y anote las entregas de dinero en sus libros cargando además al otro en ellos una partida de un peso setenta centavos por gasolina y aceite.

Bajo esas circunstancias, planteado así el debate por el mismo demandante, no creemos que la corte sentenciadora errara al permitir al demandado que probara que los mil seiscientos dólares que recibió del demandante no lo fueron en pago de su cosecha de tabaco, sino para que le comprara tabaco a razón de $25 el quintal, mediante el pago de una comisión de un peso por quintal, contrato que cumplió entregando el tabaco comprado al demandante y recibiéndolo éste a su satisfacción.

No existen, pues, los dos primeros errores. Tampoco los tres siguientes.

En su amplia argumentación el apelante no sólo imputa a la corte sentenciadora error en la apreciación de la prueba, si que también el haber actuado movida por pasión, prejuicio y parcialidad.

La evidencia fué contradictoria y el conflicto resuelto en contra del demandante. La corte cumplió con la ley y expresó los motivos que tenía para ello. No son muy satisfactorios, en verdad. Sin embargo, es necesario convenir en cuán difícil resulta externar la causa exacta de la conclusión del juzgador en esos casos al dar crédito a unos testigos y negarlo a otros. Hay un elemento interior que no es susceptible de traducirse en palabras y que debe ser respetado por las cortes de apelación, a menos que se demuestre una conducta incorrecta, percibiéndose en los autos huellas de pasión, prejuicio o parcialidad, o cuando la conclusión a que se llegara fuere manifiestamente errónea. Y ése no es aquí el caso. Al contrario, obsérvase que el juez permitió que ambas partes se defendieran igualmente sin dificultad. Después se vió obligado a decidir el conflicto de la prueba y actuó de acuerdo con su conciencia, sin que pueda sostenerse que no esté justificado en absoluto. Quizá si hubiera llegado a una conclusión contraria, hubiéramos dicho lo mismo, porque es éste un caso que está casi en el fiel de la balanza.

Ello nos lleva a la única conclusión favorable al apelante a que puede llegarse, o sea, a la existencia del error señalado con el número seis. No nos parece justificada la condena de costas.

*En tal virtud, debe modificarse la sentencia sustituyendo el pronunciamiento que sobre ese extremo contiene, por el siguiente: "sin especial condenación de costas" y así modificada, confirmarse.*