Gaspar Berio, sustituído en apelación por su cesionario Antonio Berio Frau, demandante y apelado, v. Lorenzo Frau y su esposa Juana Josefa Serra, demandados y apelantes.

No. 5703.—*Sometido:* Mayo 24, 1933. *Resuelto:* Mayo 31, 1933.

*Martínez Nadal & Martínez Rivera,* abogados de los apelantes; *E. Ortiz Romeu, L. A. y M. A. García del Rosario,* abogados del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Se trata de un pleito en cobro de pesos. Alegó el demandante en su demanda:

"Que allá para el día 1º. de mayo de 1924 se estableció una cuenta corriente entre el demandante y los demandados, por medio de la cual los esposos demandados tomaron al fiado dinero y efectos del establecimiento que el demandante posee en el barrio 'Cuchillas' de Corozal, que aplicaron entre otros usos, a la refacción y beneficio de fincas que los demandados Lorenzo Frau y Juana Josefa Serra, poseen en común proindiviso, así como de otras que la demandada Juana Josefa Serra posee privativamente en el barrio 'Negrón' de

Corozal; la que al liquidarse el día 7 de marzo del año en curso, arrojó un balance de $1,795.22 a favor del demandante Gaspar Berio.

"Que desde la referida liquidación o sea 7 de marzo del año en curso, el demandante ha realizado gestiones con el fin de obtener el cobro de la referida cantidad de $1,795.22, sin que hasta la fecha haya logrado su propósito porque los demandados se han negado y se niegan a satisfacerla.

"Que la deuda de los demandados para con el demandante es líquida y exigible, no habiéndola aquéllos pagado ni en parte ni en su totalidad."

Solicitaron los demandados un *"bill of particulars."* Lo proporcionó el demandante. Contiene cientos de pequeñas partidas. Muchas de ellas son cantidades facilitadas en efectivo, algunas personalmente a la demandada. También los abonos hechos por los demandados. Excepcionaron éstos la demanda. Sus excepciones fueron declaradas sin lugar. Contestaron. Se celebró la vista. Y basándose en las alegaciones y en las pruebas la corte falló el caso en su contra. Apelaron para ante esta Corte Suprema señalando en su alegato la comisión de dos errores que no existen, a nuestro juicio.

Fúndase el primero en que la demanda no aduce una causa de acción porque no especifica las partidas de mercaderías vendidas y entregadas a los demandados ni su precio, dejando de alegar los abonos hechos por los demandados. Se invoca el caso de *E. Rubio e Hijos* v. *Carrasco,* 26 D.P.R. 255.

Carecen de razón los apelantes, especialmente habiendo presentado como presentaron su excepción después de haber solicitado y obtenido un *"bill of particulars"* que contiene todos los elementos necesarios para revisar la cuenta en que se funda la demanda, partida por partida, y comprobar su saldo.

Desde 1921 resolvió esta corte en el caso de *Giménez* v. *Alfonso,* 29 D.P.R. 322, 325, lo que sigue:

"Y no era necesario que se practicara una liquidación de cuentas con intervención del demandado y conformidad del mismo para exigirle en cualquier tiempo el pago del saldo que resultara adeudar

en cuenta corriente al demandante, pues según sentencia del Tribunal Supremo de España de 2 de diciembre de 1887 las cuentas corrientes se entienden siempre liquidadas por depender su liquidación de una simple operación aritmética. Las sumas adeudadas por compra de mercancías que no se satisfagan de contado sino que se carguen en cuenta, generalmente y según la práctica comercial, son para cobrarse en cualquier fecha en que el vendedor reclama el saldo a su favor, salvo que haya pacto en contrario aplazándose el pago, cuya excepción será en su caso materia de defensa.

"Tampoco era necesario que se incluyeran en la demanda las diversas partidas vendidas y entregadas al comprador y no pagadas por él, el precio y las demás circunstancias de las distintas compras hechas, pues el Código de Enjuiciamiento Civil excluye tal necesidad en su artículo 124, que dice así:

" 'Artículo 124.—En las alegaciones no es necesario que la parte que alega la existencia de alguna cuenta, detalle las partidas de ésta, pero deberá entregar a la parte contraria dentro de los diez días de haberla pedido por escrito, una copia de dicha cuenta, requisito sin el cual quedará imposibilitada de presentar prueba en apoyo de la misma. La corte o juez podrá disponer la presentación de otra cuenta además de la presentada, si ésta fuere demasiado general o resultare defectuosa en alguno de sus particulares.'

"Según el precepto transcrito, el demandante no tenía que detallar las partidas de la cuenta en que basaba su acción sino que al demandado incumbía pedir una copia de dicha cuenta para contradecirla en el juicio si así convenía a su derecho Así lo entendió la parte demandada al solicitar como solicitó del demandante y se le concedió en la corte municipal, que se le entregara una copia de su cuenta corriente desde el comienzo de dicha cuenta hasta la última partida anterior a la presentación de la demanda.

"En contra del recurso y en pro de la confirmación de la sentencia recurrida invoca la parte apelada la decisión de esta corte en el caso de E. Rubio e Hijos v. Carrasco, 26 D.P.R. 255; pero en ese caso la demandante fundaba más bien su acción en la liquidación de varias cuentas, lo que no ocurre en el presente. De todos modos la doctrina que dejamos consignada es la que debe regular la cuestión legal planteada."

Lo dicho en el caso de Giménez, *supra*, fué confirmado en los de *Sanabria* v. *Rosa et al.,* 32 D.P.R. 583, 585, y *Lizardi* v. *Marrero,* 32 D.P.R. 598, 601, y muy recientemente en el de *Rivera* v. *Corte de Distrito de San Juan,* 44 D.P.R. 817.

■ El segundo señalamiento se basa en que la corte erró al apreciar la prueba y dictar sentencia en contra de ambos demandados cuando no proporciona base para concluir que la demandada Juana Serra sea responsable de la cuenta de Lorenzo Frau.

Pesando la evidencia practicada concluye la corte en la relación del caso y opinión que sirve de base a su sentencia:

"... que allá en 1ro. de mayo de 1924, el demandante abrió una cuenta corriente en sus libros oficiales a nombre de Lorenzo Frau, por provisiones, mercaderías, y dinero efectivo entregado; que cuando se engendró la cuenta corriente hubo un convenio entre el demandante y los demandados, de que todo lo que se despachara a Juana Josefa Serra se cargara a la cuenta a nombre de Lorenzo Frau, para llevarse así una sola cuenta, y que a la misma se abonaran los productos de la finca que entregara Juana Josefa Serra; que los efectos y dinero entregados por el demandante se hacía ordinariamente mediante vales expedidos y firmados por la demandada Juana Josefa Serra, que es la esposa del otro demandado Lorenzo Frau, y se cargaba a la cuenta, usándose dichos efectos y dinero en la refacción y mejoramiento de fincas rústicas que los demandados Lorenzo Frau y Juana Josefa Serra poseían en común, así como en fincas de la propiedad privativa de dicha Juana Josefa Serra; que ésta entregó café procedente de sus fincas privativas al demandante para abonar a la cuenta; que la demandada Juana Josefa Serra constituyó una hipoteca sobre sus fincas con el Banco Federal y recibió cierta cantidad de dinero, abonándose a la cuenta por el demandado Lorenzo Frau la suma de $500 mediante un cheque que se extendió a nombre de éste y endosó al demandante y que liquidada la cuenta después de dicho abono, el 7 de marzo 1929, arrojó un balance de $1,795.22 a favor del demandante Gaspar Berio; que los demandados han estado conformes con la liquidación y el demandante les ha cobrado el saldo y han prometido pagar, tanto uno como otro demandado, pero no lo han realizado a pesar de las gestiones practicadas."

Examinada la evidencia sostiene las conclusiones de la corte. El error no existe. Es claro que se trata de una apelación interpuesta meramente para dilatar la ejecución de la sentencia. De estar autorizados por la ley, impondríamos a los apelantes las costas del recurso.

*Debe confirmarse la sentencia recurrida.*