WEST INDIA OIL COMPANY, demandante y apelada, *v.* BENÍTEZ SUGAR COMPANY, demandada y apelante.

No. 6385.—*Sometido:* Mayo 11, 1934. *Resuelto:* Junio 6, 1934.

*González Fagundo & González, Jr.,* abogados de la apelante; *J. Carbia,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

En una acción en "cobro de dinero" la demandada apela de una sentencia adversa. El primer señalamiento es que la corte cometió error al declarar sin lugar una excepción previa basada en la teoría de que la demanda no aducía hechos suficientes para determinar una causa de acción. La de-

manda contenía dos causas de acción. Después de exponer hechos suficientes para demostrar que era exigible (*due*) la suma que se trataba de recobrar como resultado de la primera causa de acción, la demandante alegó "que dicha suma de $16,607.91 está vencida y no ha sido satisfecha." Esta era la quinta alegación de la demanda. La apelante la interpreta en el sentido de que significa que los efectos descritos en la demanda habían sido vendidos a crédito y que había expirado un período de tiempo no especificado dentro del cual debió efectuarse el pago. El artículo 1095 del Código Civil dispone: "Si la obligación no señalare plazo, pero de su naturaleza y circunstancias se dedujere que ha querido concederse al deudor, los tribunales fijarán la duración de aquél."

El nervio del argumento es que las ventas a que se hace referencia en la demanda se extendieron por un período de once meses; que en vista de esta circunstancia y de la quinta alegación al efecto de que había transcurrido un período no especificado, la inferencia lógica debe ser que los efectos no fueron vendidos de contado sino a crédito; y que la demanda deja de aducir una causa de acción toda vez que no especifica el período en que debía efectuarse el pago.

Durante la vista de la excepción previa la demandada no hizo referencia alguna a su teoría actual de que la quinta alegación de la demanda equivalía a aducir que los efectos habían sido vendidos a crédito; y en cambio retiró su excepción previa. Después que la demandante había terminado su prueba y sometido su caso, la demandada abandonó sus defensas afirmativas y alegó que no tenía prueba que ofrecer y que descansaba en la teoría de que los hechos alegados en la demanda no determinaban una causa de acción. Sin embargo, aún entonces, no dejó entrever su teoría respecto al significado de la alegación quinta. Si en cualquiera de estas ocasiones la demandada hubiese revelado esa teoría, la demandante habría tenido oportunidad de enmendar su demanda a fin de disipar cualquier duda respecto al significado de la misma. Después que la demandante había sometido su caso por las alegaciones

y por las admisiones hechas por el letrado de la demandada en corte abierta, la corte, al considerar la suficiencia de la demanda, tenía derecho a examinar la contestación de la demandada en busca de admisiones implícitas o de otra índole que sirvieran para suplir las supuestas omisiones o para disipar cualquier duda respecto al significacado de la demanda. La corte no declaró sin lugar específicamente la excepción previa interpuesta a la demanda, ni entró a considerar la suficiencia de ésta, tomada por sí sola. Lo que la corte hizo fué dictar sentencia en favor de la demandante basada en los hechos que de las alegaciones se desprendían, no obstante la sugestión hecha por la demandada al terminar el juicio de que la demanda no aducía hechos suficientes para determinar una causa de acción. Bajo las circunstancias, la demandada tendría poca razón para quejarse del resultado, aun si su contención sobre el significado de la quinta alegación fuera más sostenible.

En la tercera alegación la demandante sostuvo que la demandada había comprado los efectos a un precio convenido, que la demandante había entregado los mismos y que la demandada había aceptado éstos. Ello bastaba para demostrar que a la demandante se le adeudaba la suma convenida. La quinta alegación, aunque propia, era innecesaria. Ella fué simplemente una exposición formal del resultado proveniente como corolario de las precedentes alegaciones. Si, conforme insistió la demandada durante el juicio, ésta no era una acción basada en una cuenta corriente, lo era para recobrar el precio de efectos vendidos y entregados a la demandada y aceptados por ésta. En uno u otro caso, el dinero era exigible (*due*) al entregarse y aceptarse los efectos. *Hijos de Tomás Pietri v. Vicens Hnos.*, 33 D.P.R. 248; *Berio v. Frau;* 45 D.P.R. 149, y casos citados. Nada hay en la demanda que pueda servir de fundamento a la teoría de una acción basada en una cuenta liquidada. Por ende, no es necesario que sigamos al letrado de la apelante en una prolongada discusión sobre las bien reconocidas diferencias y distinciones existen-

tes entre una cuenta corriente y una cuenta liquidada (*open or current account and a liquidated or stated account*).

■ Aun si se considerara aisladamente la quinta alegación, su contexto no está sujeto a la interpretación que al mismo trata de darle la parte apelante. Lo que se alegaba que estaba vencida fué "dicha suma de $16,607.91," no un período de tiempo. No puede decirse que un período de tiempo, definido o indefinido, "no ha sido satisfecho." Además, la corte de distrito sin duda interpretó la negativa de la demandada al efecto de que la suma que se trataba de recobrar en la primera causa de acción era exigible, en relación con las alegaciones afirmativas de la contestación al efecto de que las ventas no se hicieron de contado sino a crédito y de que el término dentro del cual debía efectuarse el pago no había expirado. Esta negativa, en tanto en cuanto no estaba unida con estas alegaciones afirmativas, fué destruída por la admisión de la demandada de los hechos aducidos en la tercera alegación. La demandada también se opuso a que se ofreciera prueba para demostrar los hechos expuestos en la tercera alegación, sosteniendo que éstos eran impertinentes toda vez que los mismos habían sido admitidos por la contestación. Cuando después de alguna argumentación el juez de distrito dijo que la demandada había admitido en su contestación todos los hechos aducidos como primera causa de acción, el letrado de la demandada aparentemente se allanó a ello. Prueba de los hechos aducidos en la tercera alegación hubiese bastado para demostrar que el importe de la reclamación era exigible y a la demandante no se le permitió probar estos hechos en vista de la objeción de la demandada por el fundamento a que acabamos de referirnos y en vista de la teoría del juez sentenciador, a la cual se avino la demandada, respecto al alcance de las admisiones contenidas en la contestación. Así, pues, la demandada, con su conducta, admitió durante el juicio, de no haberlo hecho en su contestación, que la suma reclamada en la primera causa de acción era exigible, y no puede ahora permitírsele que aduzca como motivo para la revoca-

ción una cosa que es algo ambigua y dudosa, en lugar de la alegación de que la demanda no aducía hechos suficientes para determinar una causa de acción.

La demandante alegó como segunda causa de acción que la demandada había suscrito y entregado cierto pagaré que se copia íntegramente en la demanda. El pagaré está suscrito "Benítez Sugar Co., R. Ramos Casellas, administrador." Si, conforme alega la apelante, la demanda deja de aducir una causa de acción puesto que no demuestra que Ramos Casellas estuviera autorizado para otorgar el pagaré, la omisión fué suplida por la contestación. La demandada en su contestación expresamente admitió que "suscribió y entregó a la demandante el pagaré que se copia en la demanda." La demandada entonces alegó como defensa especial "que al suscribir dicho pagaré se convino entre acreedora y deudora, que si llegado el día 30 de julio de 1930 no se podía hacer efectivo el importe del mismo, quedaría prorrogado hasta el 30 de julio de 1931." De suerte que la demandada admitió la validez del pagaré y su obligación de pagar éste, sujeto solamente al supuesto convenio de prorrogar el pagaré a su vencimiento en caso de que la demandada no estuviera en condiciones de pagar. Después de tales admisiones y de la admisión ulterior durante el juicio de que la demandada no tenía prueba que ofrecer en relación con el supuesto convenio de prorrogar o renovar el pagaré a su vencimiento, la apelante no puede obtener la revocación de una sentencia basada en tales admisiones y en ausencia de prueba, meramente porque la demandante dejó de alegar que Ramos Casellas estaba debidamente autorizado para suscribir el nombre de la corporación demandada como otorgante del pagaré.

El segundo señalamiento es que la corte de distrito cometió error al dictar sentencia, puesto que no había prueba en apoyo de las alegaciones de la demanda. Esta contención se basa en la negativa de la demandada de la alegación quinta.

La cuarta alegación de la demanda fué que ni la demandada ni nadie en su nombre había pagado la suma a que se

hacía referencia en la primera causa de acción, no obstante los requerimientos de pago hechos por la demandante. Después de admitir la verdad de esta alegación y de la tercera alegación respecto a la venta, entrega y aceptación, la demandada alegó que la venta de los efectos a que se hacía referencia en la tercera alegación había sido hecha a crédito, no de contado, y que el día fijado para el pago no había llegado en el momento en que se radicó la demanda. La demandada no podía admitir los hechos aducidos en la tercera alegación y al mismo tiempo negar el resultado proveniente de tales hechos excepto como consecuencia de su propia alegación afirmativa, o de no ser así, por su propia teoría insostenible respecto al significado de la alegación quinta. Por ende, la negativa de la quinta alegación descansó enteramente en la propia interpretación que la demandada dió a ella, o en la alegación positiva de la demandada de una venta efectuada a crédito, o en ambas cosas. De lo contrario, repetimos, tal negación fué desvirtuada y anulada por la admisión que con anterioridad se hizo de la verdad de la alegación tercera. En tanto en cuanto ella dependía para su existencia de la interpretación dada por la demandada a la alegación quinta, nunca tuvo existencia real; pues, conforme hemos demostrado, la alegación quinta no estaba sujeta a esa interpretación. En tanto en cuanto dependía de la alegación afirmativa de la demandada, ella dejó de existir cuando la demandada se allanó a la teoría de la corte sentenciadora respecto al alcance y efecto de las admisiones contenidas en la contestación, y anunció al terminar el juicio que no tenía prueba que ofrecer sino que descansaría en la teoría de que la demanda no aducía una causa de acción. Luego entonces, la corte de distrito no cometió error al hacer caso omiso de la letra muerta de la negativa ni al dictar sentencia en favor de la demandante.

*La sentencia apelada debe ser confirmada.*