CARIBBEAN INDUSTRIES, INC., demandante y apelante, *v.* ROBERTO CAMACHO GARCÍA, demandado y apelado.

Núm. 10131.—*Sometido:* Junio 1, 1950. *Resuelto:* Julio 28, 1950.

*Víctor Gutiérrez Franqui, Lino Saldaña* y *Luis F. Sánchez. Vilella,* abogados de la apelante; *Samuel R. Quiñones* y *Domingo Candelario,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Dos causas de acción ejercita la demandante Caribbean Industries, Inc., contra Roberto Camacho García. Para sostener la primera alega que éste le adeuda la suma de $4,988.93 por concepto de mercadería que ella le vendió y entregó. Por la segunda reclama el pago de $4,000 por concepto de mercadería entregada al demandado a consignación.

Negó el demandado todos los hechos expuestos en la demanda y sostuvo en contrario que allá para el 30 de octubre de 1947 se convino por las partes que él representaría con carácter exclusivo los productos de la demandante en toda la isla, mediante el pago de una comisión de un 7 por ciento de todas las ventas realizadas por ésta en Puerto Rico; que en el mes de marzo de 1948 se llegó por ellos a un entendido, mediante el cual la demandante dejaría consignada a crédito con él mercancía por valor de $4,000, obligándose a su vez éste a responder solamente por el exceso de los referidos $4,000, exceso que el demandado satisfaría semanalmente a

la demandante y quedando entendido posteriormente que ésta no presentaría al cobro los cheques expedidos por el demandado a favor de ella hasta que él así lo autorizara; que violando el convenio celebrado, la demandante presentó al cobro cuatro cheques librados por él a favor de aquélla sin que se le informara de tal hecho, habiendo detenido él el pago de los mismos, a fin de hacer valer el convenio antes mencionado; que en violación del contrato existente, la demandante radicó su demanda, sin haber en ningún momento procedido a una liquidación de cuentas con el demandado; y que para la fecha de la radicación de la demanda él tenía sin vender y en consignación mercancía por valor de $2,000. Entiende el demandado que por todo esto la cantidad reclamada no es líquida ni exigible, y que la acción es prematura. Por vía de reconvención y contrademanda alegó en síntesis que a principios del año 1948 la demandante le autorizó a llevar a cabo una campaña de publicidad para los productos de ella, los gastos de la cual serían sufragados por la demandante; que el demandado incurrió en gastos por este concepto ascendentes a $2,129.55, que no han sido satisfechos por la demandante ni en todo ni en parte; que la demandante adeuda al demandado las comisiones correspondientes a las ventas realizadas en fábrica por aquélla desde diciembre de 1947, hasta octubre de 1948, las cuales estima el demandado ascienden a más de $3,000.[1] Alegó también el demandado haber recibido daños y perjuicios a su crédito ascendentes a $5,000, por haber violado la demandante el contrato de comisiones, así como daños ascendentes a $3,000, por haber presentado la demandante al cobro los cuatro cheques expedidos en octubre 8 de 1948.

Con estas alegaciones fué el pleito a juicio, produciendo ambas partes voluminosa prueba testifical y documental para sostener sus respectivas contenciones. Luego de oída la misma, la corte inferior dictó sentencia declarando sin lugar

---

[1] En el curso del juicio el demandado enmendó esta alegación y rebajó la cantidad a $1,126.12.

la demanda, por entender que las dos causas de acción alegadas en ésta eran prematuras, y con lugar las reconvenciones, y condenando en su consecuencia a la demandante a pagar al demandado las sumas de $1,064.77 y $1,226.12 (sic) (²), por la campaña de publicidad y comisiones, respectivamente, más las costas del procedimiento, y $250 para honorarios de abogado del demandado.

De esa sentencia apeló la demandante. Imputa a la corte inferior el haber errado al desestimar por prematura las dos causas de acción de su demanda y al conceder la suma de $250 para honorarios de abogado del demandado.

De acuerdo con los hechos que estimó probados el tribunal inferior "se convino entre las partes allá para el mes de marzo de 1948 que la demandante dejaría al demandado a crédito una cantidad de mercancía igual a $4,000 sin límite de tiempo para su pago (salvo en el caso de una cesación de negocios entre las partes y luego de una liquidación final) obligándose el demandado a pagar periódicamente el balance sobre los $4,000 mencionados. Que desde esa fecha continuaron en esa forma los negocios de la demandante y el demandado, estableciéndose entre las partes como un uso comercial, la práctica de que la demandante no presentaría al cobro los cheques del demandado hasta que éste no le avisase oportunamente; que en el mes de octubre de 1948 el demandado expidió a favor de la demandante cuatro (4) cheques que sumaban en total la cantidad de $4,142.58 los cuales fueron presentados al cobro por la demandante en bloque, todos un mismo día sin la acostumbrada notificación previa al demandado y sin el aviso de éste; que la demandante violó el uso comercial establecido de que los cheques del demandado no serían presentados al cobro hasta no ser la demandante notificada por el demandado a ese respecto; . . . en suma que en la fecha en que fué radicada la demanda no había surgido a favor de los demandantes causa

(²) Debió ser $1,126.12. Véase la Nota 1.

de acción. La corte estima asimismo probado que la cantidad de $4,000 reclamada en la segunda causa de acción era un crédito concedido por la demandante al demandado y no mercancía vendida en consignación." Luego de hacer constar que en los contratos mercantiles, al igual que "en la contratación civil prevalece la espiritualidad en las obligaciones" y de citar el artículo 82 del Código de Comercio,(³) el tribunal sentenciador en sus conclusiones de derecho manifestó que "la demandante y el demandado establecieron entre sí el uso de no presentar los cheques del demandado al cobro hasta no ser la demandante notificada por éste en ese sentido"; que "habiéndose establecido entre las partes esa práctica, como un uso comercial, la misma se convirtió en ley para ambos y el demandado tenía derecho a confiar en esa forma de pago"; y que "dada la existencia. de un uso entre las partes en cuanto a la forma de pago, habiendo violado la demandante dicha obligación contractual al presentar los cheques del demandado al cobro sin el acostumbrado aviso previo y la notificación de éste, no surgió a favor de la demandante causa de acción alguna al no ser pagados dichos cheques en el banco."

Estamos de acuerdo con el tribunal inferior en que si las partes convinieron en que los cheques expedidos por el demandado en pago de las mercancías vendídasle por la demandante en exceso de $4,000 no debían ser presentados al cobro sin que ésta así lo hubiera informado a aquél, tal convenio o pacto tenía el efecto de ley entre ellas(⁴) y que si la demandante violando los términos de lo acordado presentó para su cobro los cuatro cheques librados por el demandado

---

(³) El artículo 82 del Código de Comercio provee:

"Serán válidos y producirán obligación y acción en juicio los contratos mercantiles, cualesquiera que sean la forma y el idioma en que se celebren, la clase a que correspondan y la cantidad que tengan por objeto, con tal que conste su existencia por alguno de los medios que el derecho civil tenga establecidos. . . . "

(⁴) El artículo 1044 del Código Civil, edición 1930, provee:

"Las obligaciones que nacen de los contratos tienen fuerza de ley entre las partes contratantes, y deben cumplirse al tenor de los mismos."

a favor de aquélla, al no poder cobrar los mismos por falta de fondos ella no tenía derecho a recurrir inmediatamente a los tribunales para reclamar su importe. Sin embargo, surge claramente de los autos que si bien la demandante presentó en octubre 25 de 1948 al banco para su cobro los cheques expedidos a favor de ella por el demandado por $942.49, $1,233.66, $916.73 y $1,049.70, éste tuvo conocimiento de tal actuación de la demandante y dió inmediatamente instrucciones al banco para que no efectuara el pago de los mismos. No hay duda, pues, de que según surge de la prueba llegó a conocimiento del demandado que los citados cheques fueron presentados al cobro por la demandante, así como de que el importe de éstos se hallaba en descubierto, por no haber él pagado el mismo. Tal conocimiento incuestionablemente equivalió a la notificación convenida entre las partes. Siendo ello así, a tenor de lo provisto por la Regla 15(b) y (c)(5) puede considerarse que la aludida notificación al demandado fué dada a éste por la demandante. Véanse *Bithorn* v. *Santana*, 68 D.P.R. 300, 304; *Sánchez* v. *Cooperativa Azucarera*, 66 D.P.R. 346, 350; *Arvelo* v. *Román*, 65 D.P.R. 743, 746; y *Méndez* v. *Buscaglia, Tes.*, 64 D.P.R. 743, 748.

■ Por otra parte, surge de los autos y de la prueba que las ventas en exceso de $4,000 debían pagarse por el demandado semanalmente. En cuanto a éstas existía claramente

---

(5) La Regla 15(b) y (c) de las de Enjuiciamiento Civil, en lo esencial dispone:

"(b) *Enmiendas para Conformar las Alegaciones a la Evidencia.* . . . La enmienda de las alegaciones que fuere necesaria para conformarlas a la evidencia y para suscitar dichas cuestiones, puede hacerse a moción de cualquiera de las partes en cualquier tiempo, aun después de dictarse sentencia; *pero la omisión de enmendar no afectará el resultado del juicio en relación con tales cuestiones.* . . .

"(c) *Efecto Retroactivo de las Enmiendas.*—Siempre que la reclamación o defensa expuesta en la alegación enmendada surgiere de la conducta, transacción o evento expuesto o que se hubiere intentado exponer en la alegación original, las enmiendas se retrotraerán a la fecha de la alegación original." (Bastardillas nuestras.)

una cuenta corriente entre las partes, en reclamación de cuyo saldo podía demandarse sin el cumplimiento de ningún requisito previo, ya que la liquidación de tal cuenta corriente dependía de una simple operación aritmética. *Sanabria* v. *Rosa*, 32 D.P.R. 583; *Lizardi* v. *Marrero*, 32 D.P.R. 598; *Giménez* v. *Alfonso*, 29 D.P.R. 322. Cf. *Cochran, Síndico* v. *Fernández*, 47 D.P.R. 704; *Berio* v. *De Santiago*, 43 D.P. R. 246. Erró, por tanto, el tribunal inferior al resolver que la primera causa de acción era prematura y al desestimar la misma fundada en tal motivo.

En cuanto a la segunda causa de acción, el tribunal de distrito erró asimismo al resolver que ésta fué prematuramente ejercitada. Se fundó principalmente en su conclusión de que la demandante se había obligado a conceder al demandado un crédito en mercancías por valor de $4,000, en que éste no sería cobrado por aquélla hasta que cesaran sus relaciones con el demandado y en que habiéndose obligado la demandante en esta forma no podía requerir al demandado el pago de dicha cantidad hasta que se dieran por terminados sus negocios. Consideró que ése era un requisito previo a la radicación de la demanda. Empero, como la prueba tendió a demostrar que como cuestión de hecho tales relaciones habían dejado de existir, el tribunal debió considerar que ese requisito había quedado cumplido([6]) y entrar en los méritos de esa causa de acción.

Toda vez que el caso será devuelto al tribunal inferior, la condena en costas y honorarios de abogado dependerá de la forma en que en definitiva se dicte la sentencia.

*Debe revocarse la sentencia apelada y devolverse el caso al tribunal inferior para que en relación con las dos causas de acción alegadas en la demanda éste proceda a dictar sentencia en armonía con los términos de esta opinión y de acuerdo con la prueba presentada.*

---

([6]) Véase la Regla 15(*b*) supra.