E. Rubio e Hijos, Demandante y Apelada, *v.* Carrasco, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de Aguadilla en pleito sobre cobro de dinero.

No. 1716.—Resuelto en abril 2, 1918.

Cobro de Dinero—Cuenta Abierta (Open Account)—Demanda.—Cuando una demanda en cobro de dinero se basa en una cuenta abierta (*open account*), deben incluirse en ella las partidas de mercaderías vendidas y entregadas al demandado y no pagadas por él, el precio y todas las demás circunstancias necesarias para formar una conclusión exacta y completa de las transacciones ocurridas.

Id.—Cuentas Liquidadas (Accounts Stated)—Alegaciones Esenciales de la Demanda.—Si una demanda en cobro de dinero se basa en varias cuentas liquidadas (*accounts stated*), no basta alegar que se ha practicado una liquidación de la cuenta del demandado, resultando un balance a favor del demandante y en contra del demandado por determinada suma, sino que debe alegarse además que la cuenta se rindió al demandado y éste, en alguna de las formas reconocidas en derecho, mostró su conformidad con el balance.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José D. Rodríguez.*

Abogados de la apelada: *Sres. J. García Ducós y Juan B. Soto.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

La demandante alega en su demanda:

"2. Que el demandado Julián Carrasco ha venido desde hace algún tiempo practicando operaciones de compraventa de mercaderías con la demandante 'E. Rubio e hijos,' y, practicada una liquidación de la cuenta de dicho demandado en 3 de febrero del corriente año 1916, resultó un balance en favor de la demandante y contra el demandado por la suma de *trescientos ochenta y cuatro dollars sesenta y ocho centavos* ($384.68);

"3. Que asimismo el expresado Julián Carrasco ha realizado operaciones de compraventa de mercaderías desde hace algún tiempo con la mercantil de esta plaza 'Sanders

Philippi y Compañía, Sucesores, S. en C.' y practicada una liquidación de la cuenta del demandado, en 3 de febrero de 1916, resultó en favor de la dicha mercantil y contra el mencionado demandado un balance de mil cuatrocientos diez y nueve dólares con treinta y nueve centavos;

"4. Que así también, el referido Julián Carrasco ha venido por algún tiempo efectuando operaciones de compraventa de mercaderías con la mercantil de esta plaza 'Yumet y Compañía,' y, practicada en febrero 3 del corriente año de 1916 la oportuna liquidación de la cuenta del referido demandado, resultó en contra de éste y a favor de la dicha Yumet y Compañía un balance por la suma de cuatrocientos diez y seis dólares con ocho centavos;

"5. Que, además, el referido Julián Carrasco, realizaba operaciones de compraventa de mercaderías con la mercantil de Aguadilla 'F. Carrera Hnos.' y, en 3 de febrero de 1916, se practicó una liquidación de la cuenta del demandado, resultando un balance en favor de dicha mercantil F. Carrera Hnos. y en contra de Julián Carrasco por la suma de cuatrocientos setenta y un dólares con noventa y cuatro centavos;

"6. Que en 3 de febrero de 1916 las expresadas mercantiles 'Sanders Philippi y Compañía Sucesores, S. en C.,' 'Yumet y Compañía' y 'F. Carrera Hnos.' acordaron ceder y al efecto en dicho día cedieron a título de venta a la mercantil aquí demandante 'E. Rubio e hijos' los mencionados créditos que tenían contra el aquí demandado; las cuales cesiones fueron notificadas al supradicho demandado.

"7. Que la aquí demandante ha practicado extrajudiciales gestiones cerca del mencionado demandado, hasta hace pocos días, a fin de que éste hiciera efectivos a la demandante los expresados importes adeudádoles, o sea los $384.68 importe del balance de la cuenta del demandante con el demandado y además los $1,419.39, $416.08 y $471.94 correspondientes a los créditos respectivamente cedidos por 'Sanders

Philippi y Compañía, Sucesores, S. en C.,' 'Yumet y Compañía' y 'F. Carrera Hnos.', las cuales cantidades ascienden a $2,692.09 en total y constituyen un crédito vencido y exigible; habiendo resultado hasta hoy completamente infructuosas tales gestiones de cobro.''

El demandado alegó que la demanda no aducía hechos suficientes para determinar una causa de acción. Su excepción fué desestimada, y contestada la demanda y celebrado el juicio, la corte dictó sentencia declarando con lugar la pretensión de la demandante. Y el demandado entonces interpuso el presente recurso de apelación.

Señala la parte apelante en su alegato la comisión de varios errores. Nos limitaremos al estudio y resolución del primero, que se refiere al cometido por la corte de distrito al desestimar la excepción previa a la demanda.

Tiene razón el apelante, porque si la demanda se basaba en una cuenta abierta (*open account*), debieron incluirse en ella las partidas de mercaderías vendidas y entregadas al demandado y no pagadas por él, el precio y todas las demás circunstancias necesarias para formar una conclusión exacta y completa de las transacciones ocurridas. Y si la demanda, como parece que fué la intención de la demandante, se basaba en varias cuentas liquidadas (*accounts stated*), entonces no debió haberse limitado la demandante a alegar que se había practicado una liquidación de la cuenta del demandado en cada caso resultando un balance a favor de la demandante y en contra del demandado por determinada suma, sino que debió haber alegado además que la cuenta se rindió al demandado y éste en alguna de las formas reconocidas en derecho mostró su conformidad con el balance. Véase el tomo primero, página 204 a 225 de la obra de derecho Ruling Case Law, que trata con claridad y concisión sobre esta materia.

En tal virtud debe revocarse la sentencia apelada y en su lugar dictarse otra declarando con lugar la excepción

previa del demandado, concediendo a la demandante el término de 20 días para que enmiende su demanda.

> *Revocada la sentencia apelada y dictada otra declarando con lugar la excepción previa del demandado y concediendo a la demandante 20 días para enmendar su demanda.*

Jueces concurrentes: Sres. Asociados Wolf y Hutchison.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.