JESÚS RIVERA TORRES, peticionario, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. PABLO BERGA, JUEZ, demandada.

No. 879.—*Sometido:* Febrero 6, 1933. *Resuelto:* Marzo 28, 1933.

*R. Padró Parés*, abogado del peticionario; *A. Román Font, F. García Quiñones* y *Luis Mendín Sabat*, abogados de la demandada en el pleito principal.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En junio de 1932 Jesús Rivera Torres, dueño de un establecimiento comercial en la ciudad de Caguas, inició una acción en cobro de dinero ccntra la Sociedad Protectora de Desamparados, Inc., en la. cual alegó entre otras cosas que en mayo de 1930 el Sr. José N. Aponte, en su carácter de administrador o presidente de la corporación demandada, solicitó crédito en el establecimiento comercial del demandante, comprometiéndose dicha corporación a liquidar y pagar el importe de las mercancías así tomadas cada fin de mes.   En el hecho cuarto de la demanda alegó el Sr. Rivera Torres lo siguiente:

"Que el demandante aceptó la proposición de la Corporación demandada hecha por voz de su Administrador Sr. José N. Aponte en lá forma que se deja expresada, y abrió crédito a dicha demandada en su establecimiento comercial denominado 'Colmado Amparo', abriéndole una cuenta por concepto de mercaderías cuya primera partida lo fué en 13 de mayo de 1930, y de esa fecha en adelante continuó la Corporación demandada tomando provisiones a crédito en el establecimiento comercial de este demandante, cuenta que siguió su curso hasta diciembre 31 de 1931, en cuya fecha sumó $614.42."

En 2 de julio de 1932, a petición del demandante, se anotó la rebeldía de la demandada y en 5 de julio el Secretario de la Corte de Distrito de San Juan dictó sentencia en favor del demandante.   Aparece de los autos que el mismo día 5 la de-

mandada radicó unas excepciones previas a la demanda y que el 20 de dicho mes solicitó la apertura de la rebeldía, acompañando a su solicitud un *affidavit* de mérito. Esta moción no ha sido aún resuelta por la corte.

Pidió el demandante que se expidiera orden de ejecución para hacer efectiva la sentencia y esta petición fué denegada por la corte sobre la base de que la demanda no aducía hechos bastantes para constituir una causa de acción. Las razones que tuvo la corte inferior para llegar a esta conclusión se expresan en el párrafo que copiamos a continuación:

"Hemos considerado cuidadosamente esta moción y por cuanto en la demanda se trata del cobro de una cuenta abierta (*open account*), por materiales tomados a crédito desde mayo 13, 1930, a diciembre 31 de 1931, en cuya última fecha el demandante paralizó el despacho de las mercaderías, lo que resulta claramente de las alegaciones IV y VI, y no tratándose de una cuenta liquidada (*account stated*), cuyo saldo se hubiera pasado a la demandada y ésta lo hubiera aceptado o impugnado; y por cuanto no se incluyen en la demanda las partidas de mercaderías vendidas y entregadas a la demandada y no pagadas por ella, el precio, y todas las demás circunstancias necesarias para formar una conclusión exacta y completa de las transacciones ocurridas, visto el caso de Rubio e Hijos *v.* Carrasco, 26 D.P.R. 255, apareciendo así que la demanda no aduce hechos suficientes para constituir una causa de acción.

"Se declara sin lugar la moción del demandante para que se ordene la ejecución de la sentencia, registrada en rebeldía por el Secretario teniendo como base dicha demanda."

Nosotros entendemos que la demanda no adolece del defecto que le atribuye la corte *a quo* en su opinión.

El artículo 124 de nuestro Código de Enjuiciamiento Civil, equivalente al 454 del Código de California, dice así:

"En las alegaciones no es necesario que la parte que alega la existencia de alguna cuenta detalle las partidas de ésta, pero deberá entregar a la parte contraria, dentro de los diez días de haberla pedido por escrito, una copia de dicha cuenta, requisito sin el cual quedará imposibilitada de presentar prueba en apoyo de la misma. La corte o juez podrá disponer la presentación de otra cuenta además de la

presentada, si ésta fuere demasiado general o resultare defectuosa, en alguno de sus particulares.''

Las disposiciones de este artículo facilitan la concisión en la exposición de los hechos y simplifican el procedimiento. El demandado en nada se perjudica. La ley le proporciona los medios de conocer las partidas en detalle, si es éste su deseo. El demandante no tiene otra alternativa que detallar las partidas o resignarse a verse privado de poder probar su reclamación.

El caso de *Rubio* v. *Carrasco,* 26 D.P.R. 255, aplica principios que tienen su origen en el derecho común. En la actualidad el procedimiento ha variado en muchos estados, de acuerdo con las disposiciones de sus respectivos estatutos. Esta misma corte, en el caso de *Jiménez* v. *Alfonso,* 29 D.P.R. 325, se expresó así:

"Tampoco era necesario que se incluyeran en la demanda las diversas partidas vendidas y entregadas al comprador y no pagadas por él, el precio y las demás circunstancias de las distintas compras hechas, pues el Código de Enjuiciamiento Civil excluye tal necesidad en su artículo 124.''

Continúa diciendo la corte en dicho caso que según dicho artículo el demandante no tenía que detallar las partidas de la cuenta en que basaba su acción, sino que al demandado incumbía pedir una copia de dicha cuenta para contradecirla en el juicio si así convenía a su derecho.

En el caso de *Sanabria* v. *Rosa,* 32 D.P.R. 585, esta corte sostuvo que no es necesario que en la demanda se expresen las partidas que forman la cuenta corriente, según el artículo 124 del Código de Enjuiciamiento Civil, que impone al demandante la obligación de entregar copia de dicha cuenta al demandado si éste se la pide, sin cuyo requisito no podrá presentar prueba en apoyo de la misma.

No estuvo acertada la corte inferior al negarse a expedir orden de ejecución basándose en que la demanda no aduce hechos suficientes para determinar una causa de acción; pero su resolución debe ser sostenida porque la sen-

tencia dictada por el secretario adolece del vicio de nulidad. Este funcionario en el ejercicio de sus facultades, que son puramente ministeriales, no pudo dictar la referida sentencia, por tratarse de una cuenta ilíquida que el demandante estima en la cantidad de $614.42, fijando alzadamente el precio de las mercancías vendidas. La apreciación del demandante, aunque sea justa y razonable, no convierte en definida y cierta la cantidad alegada ni puede tener el carácter de una liquidación. También esa apreciación puede ser exagerada y arbitraria. Sostener que el demandado, en virtud de la rebeldía, acepta el precio que el demandante fije a los bienes, equivaldría a autorizar a éste para obtener un fallo a su favor, aunque la suma que reclame sea exagerada y arbitraria.

Cuando se reclama una suma razonable por honorarios de abogado la acción judicial debe determinar el montante, y el secretario no puede dictar sentencia por el hecho de que el demandante haya reclamado una suma determinada en la demanda. Esto está en armonía con la regla general de que cuando se ejercita una acción para reclamar el valor razonable de bienes vendidos o servicios prestados la cuantía queda en la incertidumbre y el hecho de que se alegue una suma determinada como valor razonable no cambia la situación para permitir al secretario que registre sentencia sin que la corte haya fijado la cuantía. 14 Cal. Jur. 895.

De acuerdo con el caso de *Benítez* v. *Corte de Distrito,* 36 D.P.R. 450, donde se adopta la doctrina sentada por la Corte Suprema de California en el caso de *Landwehr* v. *Gillette,* 174 Cal. 654, y con el caso de *Congress Cigar Co.* v. *Angelina Grau et al.,* recientemente resuelto por este tribunal (ante pág. 649), opinamos que la sentencia dictada por el Secretario de la Corte de Distrito de San Juan adolece del vicio de nulidad.

*Debe declararse sin lugar la solicitud, anularse el auto expedido y devolverse el récord a la corte de su origen.*