MANUEL FERNÁNDEZ MARTÍNEZ ET AL., peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. MANUEL A. MOREDA, JUEZ, demandado.

*Número:* C-63-57      *Resuelto:* 14 de enero de 1964

*Edrulfo Astacio* y *Harry B. Llenza,* abogados de Manuel Fernández Martínez; *F. Ponsa Feliú* y *Alvaro Calderón,* abogados de Antonio Mongil Portell; *J. A. Luiña,* abogado de Litheda Apartments, Inc.; *A. J. Amadeo* y *A. J. Amadeo Murga,* abogados de los interventores.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

En el año 1932, el 18 de mayo, el comerciante Manuel Fernández Martínez instó acción en cobro de dinero contra doña Juana Cruz y la Sucesión de don Domingo Pérez Provecho compuesta de su viuda, la antes mencionada doña Juana Cruz y de sus cinco hijos legítimos Manuel de Jesús, Roque, Domingo, Juan, María Mercedes Pérez y Cruz. En la demanda radicada se alegó que a la muerte del causante de los demandados éste "se hallaba adeudándole la suma de $140.00 cuyo saldo fue aceptado por él como correcto, y además por sus herederos los demandados en esta acción", y se alegó además que luego del fallecimiento de Pérez Provecho "y en el período de enfermedad y para gastos de sus funerales, así como por concepto de provisiones, efectos sus herederos, [sic] éstos tomaron en cuenta corriente al demandante en su establecimiento de Río Piedras, por cantidad de $203.41 cuya suma es el saldo aceptado por los demandados como conforme y correcto" y finalmente se expone que "sumadas las dos partidas . . . la demandada doña Juana Cruz y los demás demandados están adeudando al demandante la suma de $343.41 cuya suma es cierta, líquida y exigible, sin que haya sido pagada al demandante ni en todo ni en parte a la fecha de la interposición de esta demanda". En la demanda se alegó asimismo "que la demandada Juana Cruz está legalmente declarada incapacitada, por estar demente, según lo fue por resolución de la Corte de Distrito de San Juan, P.R., en el caso No. 6897 y era su tutor su esposo finado don Domingo Pérez Provecho".

Se solicitó por el demandante que se nombrara un defensor judicial a los demandados incapacitados: la madre por haber sido declarada demente por un tribunal y dos de los hijos por ser menores de edad, uno había nacido el 2 de julio de 1912, otra el 25 de octubre de 1916. Se nombró al señor Reverón Mercado, quien aceptó el cargo y fue debidamente emplazado.

La demanda no fue contestada por ninguno de los demandados ni por el defensor judicial. El Secretario dictó sentencia en 14 de noviembre de 1932 a moción del abogado del demandante por la suma reclamada—$343.41—más intereses legales sobre dicha suma desde la interposición de la demanda, las costas, gastos y desembolsos.

Expedida orden de ejecución de sentencia se embargó un inmueble perteneciente a los demandados. El inmueble fue vendido en subasta pública adjudicándose "a falta de otros licitadores al propio demandante Manuel Fernández Martínez por la suma de trescientos cuarenta y tres dólares con cuarentiún centavos ($343.41) importe del principal de su reclamación y cuya cantidad fue abonada en cuenta el referido demandante".

Manuel Fernández Martínez vendió posteriormente la finca a Antonio Mongil Portell y a su esposa Araceli Suárez y éstos a Litheda Apartments, Inc.

Se inició en el año 1947 (¹) un pleito por los herederos de los esposos Pérez Cruz contra Manuel Fernández Martínez y los posteriores adquirentes para reivindicar la finca adjudicada en pago de la sentencia obtenida en el pleito en cobro de dinero a que antes hemos hecho referencia. La acción está basada en que la sentencia dictada en el mencionado pleito es nula, siendo por tanto nula la adjudicación que de la finca se hiciera en pago de la sentencia recaída. Las partes con-

_____

(¹) La demanda original fue radicada el 23 de abril de 1947. El pleito ha estado en dos ocasiones ante este Tribunal, *Pérez* v. *Fernández*, 72 D.P.R. 260 (1951) y apelación civil número 11,571, sentencia de 15 de noviembre de 1956.

vinieron en que el juez de instancia resolviera en primer término la cuestión de la nulidad de la sentencia. Así lo hizo y concluyó que lo era. Expuso tres motivos: (1) Por no haber sido emplazados debidamente la viuda, dos de sus hijos menores y uno que estaba fuera de Puerto Rico; (2) Por no haber comparecido el defensor judicial y (3) Por carecer de autoridad el Secretario para dictar la sentencia.

I. La viuda y los dos hijos menores de edad fueron debidamente emplazados. Los hijos eran ambos mayores de catorce años. Lo que se requería por el estatuto vigente a la fecha, Art. 93 Código de Enjuiciamiento Civil—32 L.P.R.A. sec. 457, ([2]) era que se le entregara a cada uno de ellos copia de la demanda y del emplazamiento. Y eso el diligenciamiento certifica que se hizo. El diligenciante certificó que:

". . . notifiqué el mismo personalmente, el día 31 de mayo de 1932, a Juana Cruz, Domingo, Juan Pérez Cruz y María Mercedes Pérez Cruz demandados en dicho emplazamiento entregando a dichos demandados y dejando en su poder personalmente en el Barrio Cupey de Río Piedras, P.R. una copia de dicho emplazamiento, una copia fiel y exacta de la demanda en el pleito mencionado en dicho emplazamiento y una copia de este emplazamiento."

El diligenciamiento que dimos por bueno en *Guadalupe* v. *Rodríguez*, 70 D.P.R. 958, 975 (1950) expresaba lo siguiente:

". . . notifiqué el mismo personalmente a Alejandrina Guadalupe Ortiz, Román, Pedro, Emiliano, Gregorio, Rosendo, Juana, Nepomuceno, Wenceslao y Enrique Guadalupe o sean los deman-

---

([2]) Disponía así el citado precepto:

"La citación se hará mediante entrega de una copia de la misma, como sigue:

"1. . . .

"2. . . .

"3. . . .

"4. Si contra una persona con residencia en el Estado Libre Asociado que hubiere sido declarada judicialmente demente o incapacitada para atender a sus propios asuntos, y se le hubiere nombrado un tutor, a dicha persona y también a su tutor.

"5. . . .

"6. En los demás casos al demandado personalmente."

dados mencionados en dichos emplazamientos dejando, digo, entregando a dichos demandados y dejando en su poder personalmente en su casa, Barrio Palma, Vieques, una copia de dicho emplazamiento y en poder del demandado una copia de la demanda mencionada en dicho emplazamiento, . . .''

Si alguna diferencia existe entre el emplazamiento que consideramos en este caso y el considerado en el caso de *Guadalupe*, es que el de éste es más explícito. Se expresa ''entregando a dichos demandados y dejando en su poder personalmente . . . una copia de dicho emplazamiento, una copia fiel y exacta de la demanda . . .'' Surge que se entregó a cada demandado una copia de ambos documentos, tal como lo requería la ley.

. II. Como dos de los demandados eran menores y la madre de éstos había sido declarada incapacitada se procedió a nombrarle un defensor judicial a instancias del demandante. La persona designada fue debidamente emplazada pero no compareció en autos a defender los intereses de la viuda incapacitada y de los hijos menores de edad.

Ha sido norma generalmente aceptada el que un defensor judicial no puede allanarse a una demanda radicada contra sus representados. Se requiere que conteste y que sea el tribunal el que determine si hay mérito o no en la reclamación.

Sabemos que un defensor judicial es un tutor especial si se quiere, nombrado para que represente a un incapacitado o a un menor para un pleito específico. Así, son de entera aplicación las disposiciones del inciso 13 del Art. 212, del Código Civil, ed. 1930—31 L.P.R.A. sec. 786—que requiere la autorización de sala competente del Tribunal Superior ''para entablar demandas en nombre de los sujetos a tutela y para sostener los recursos de apelación o cualquier otro que fuere legal contra las sentencias en que hubiesen sido condenados''. Si bien el precepto transcrito hace referencia a entablar demandas, los intérpretes del Código sostienen que se necesita la autorización para allanarse. De Diego, *Institu-*

*ción de Derecho Civil Español,* Tomo II, pág. 634 (ed. 1943) ; Scaevola, *Código Civil,* Vol. V, pág. 177 (ed. 1943) ; Machado, Tomos 1 y 4, *Comentarios al Código Civil,* pág. 159 (ed. 1950). Sobre esta cuestión opina Manresa, Tomo II, *Comentarios al Código Civil Español,* pág. 442 (ed. 1944) que ". . . aunque el Código haya prescindido de esa limitación como al contestar o allanarse a una demanda puede traer graves perjuicios, y comprometer los intereses del menor o incapacitado, el tutor, para salvar su responsabilidad deberá dar cuenta al consejo [en nuestra. jurisdicción a la sala correspondiente del Tribunal Superior], para que este resuelva si debe oponerse o allanarse a la demanda y nunca deberá allanarse sin dicha autorización porque esto puede implicar la renuncia de derechos que no puede verificar válidamente por sí solo."

La base jurídica para tal interpretación, sostienen se encuentra en las disposiciones del Art. 275 del Código Civil Español correspondiente al Art. 215 del nuestro que prohibe a los tutores ". . . renunciar cosas o derechos pertenecientes al menor o incapacitado". Cf. *Vilariño Martínez* v. *Registrador,* 89 D.P.R. 598 (1963) e *Irizarry Cordero* v. *Registrador,* 89 D.P.R. 747 (1964).

Similar posición han asumido las cortes de los Estados Unidos. El defensor judicial debe contestar la demanda para que sea el tribunal el que determine la procedencia de lo reclamado. Como se expresó en *M.F.A. Mutual Insurance Company* v. *Alexander,* 361 S.W.2d 171, 181 (Mo. 1962): "La obligación del defensor judicial . . . es representar al incapacitado y no puede aceptar o renunciar algo que contribuya a sostener la reclamación de la parte contraria". Al mismo efecto *Kingsbury* v. *Buckner,* 134 U.S. 650 (1890); *Cloud* v. *Market St. Ry. Co.,* 168 P.2d 191 (Cal. 1946); *Lalakea* v. *Laupahoehoes. Co.,* 35 Haw. 262, 284 (1939); *Anderson* v. *Anderson,* 32 A.2d 83 (N.J. 1943) ; *Caruso* v.

*Caruso,* 139 Atl. 812 (N.J. 1927) ; *Franklin* v. *Margay Oil Corporation,* 153 P.2d 486 (Okl. 1944).

■ Bajo las Reglas de Procedimiento de 1958 la 45.2 [3] se requiere la comparecencia del defensor judicial. Afirma *Moore* al interpretar la correspondiente de las federales:

"Solamente la corte puede dictar sentencia en rebeldía en contra de un menor o un incapacitado y sólo cuando éste está representado en el pleito por un tutor general, consejo custodio, u otro representante que haya comparecido en autos. Si el menor o incapacitado demandado no está representado por un tutor general que haya comparecido en el pleito, la corte debe de nombrarle un defensor judicial quien deberá negar todos los hechos esenciales colocando al demandante en posición de tener que establecer su caso." 6 Moore's *Federal Practice,* sec. 55.05 [4], pág. 1817.

Así bajo el procedimiento imperante en la actualidad, por requerirlo expresamente las Reglas, el tribunal no podría dictar sentencia sin la comparecencia del representante del menor o incapacitado.

---

[3] La Regla 45.2 dispone:

"Podrá dictarse sentencia en rebeldía en los siguientes casos:

"(a) Por el secretario. Cuando la reclamación del demandante contra un demandado sea por una suma líquida o por una suma que puede liquidarse mediante cómputo, el secretario, a solicitud del demandante y al presentársele declaración jurada de la cantidad adeudada, dictará sentencia por dicha cantidad y las costas contra el demandado cuando éste haya sido declarado en rebeldía por no comparecer, siempre que no se trate de un menor o persona incapacitada.

"(b) Por el tribunal. En todos los demás casos la parte con derecho a una sentencia en rebeldía la solicitará del tribunal; pero no se dictará sentencia en rebeldía *contra un menor o persona incapacitada a* menos que estén representados por el padre, madre, tutor, defensor judicial u otro representante que haya comparecido en el pleito. Cuando la parte contra la cual se solicita sentencia en rebeldía haya comparecido en el pleito, dicha parte será notificada con copia de la solicitud de sentencia con 3 días por lo menos de antelación a la vista de dicha solicitud. Si para que el tribunal pueda dictar sentencia o para ejecutarla, se hace necesario fijar el estado de una cuenta o determinar el importe de los daños, o comprobar la veracidad de cualquier aseveración mediante prueba, o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas o encomendar la cuestión a un comisionado."

■ Bajo la práctica anterior la circunstancia de no comparecer el defensor judicial a contestar la demanda no convierte en nula la sentencia dictada, sino meramente anulable. En *Tyrell* v. *Saurí*, 71 D.P.R. 460, 470 (1950) adoptamos la regla prevaleciente en las jurisdicciones estatales al efecto de que una sentencia dictada en un caso en que no se ha nombrado un defensor judicial al menor o incapacitado no es nula, y sí errónea o anulable. Al mismo efecto *Rom* v. *Gephart*, 173 N.E.2d 828 (Ill. 1961).

III. Si bien por esa circunstancia es sólo anulable, es sin embargo nula por haberla dictado el secretario. Veamos este aspecto del litigio.

El Art. 194 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 921, vigente en el año 1932, autorizaba al Secretario del tribunal donde pendía el pleito a dictar sentencia si la parte demandada no contestaba dentro del término señalado para hacerlo, si el pleito nacía "de un contrato sobre pago de dinero . . ." ¿Podía el Secretario de la Corte Municipal de Río Piedras dictar sentencia en el pleito incoado contra la Sucesión de Pérez Provecho? De la demanda radicada surgía que la viuda había sido declarada incapacitada por sentencia de un tribunal competente, que se le había nombrado tutor a su marido, que había fallecido y que dos de los hijos demandados eran menores de edad.

■ Se ha sostenido por este Tribunal que el Secretario no puede dictar sentencia en los casos en que se demanda para cobrar una cuenta corriente, *Rivera* v. *Corte*, 44 D.P.R. 817 (1933) y *De León* v. *Pérez*, 54 D.P.R. 215 (1939).

En *Justicia* v. *Tribunal Superior*, 76 D.P.R. 624 (1954) [4] analizamos y resumimos nuestra jurisprudencia relacionada con los casos en que un Secretario puede dictar

---

[4] Aunque el caso de *Justicia* surgió ya vigentes las Reglas de Enjuiciamiento de 1943, interpretamos la Regla 55 en la misma forma que habíamos interpretado el Art. 194 del Código de Enjuiciamiento Civil. Bajo la Regla 55 de las de 1943 y la 45.2 de 1958 el Secretario no está autorizado a dictar sentencia si se demanda a un menor o incapacitado.

sentencia cuando reclama el balance de una cuenta corriente y concluimos que podía dictarla cuando se alegaba que la suma reclamada era "líquida y exigible".

La razón para así decidirlo está basada en que al liquidarse la cuenta y ser aceptada por el deudor surge un contrato sobre pago de dinero. Así lo resolvimos en *Cochran, Síndico v. Fernández,* 47 D.P.R. 704, 711 (1934) donde expusimos:

"El registro de la sentencia en rebeldía se hizo sobre la base única de la segunda causa de acción, o sea la que se funda en la cuenta corriente liquidada y rendida por el demandante y aceptada por la demandada. Siendo ello así, se trata claramente de un pleito que nace de un contrato sobre pago de dinero, comprendido, por tanto, dentro del número primero del artículo 194 del Código de Enjuiciamiento Civil. No nos encontramos aquí frente a un caso de una cuenta ilíquida, sino liquidada y aceptada, repetimos. *Rivera v. Corte,* 44 D.P.R. 817, 820."

Ver además *Bonicamp, Koelling and Smith v. McNeely,* 380 P.2d 348 (Kan. 1963); *Sunshine Dairy v. Jolly Joan,* 380 P.2d 637 (Or. 1963); *Sure-Grip Skate Wheel Co., Inc. v. Bergin,* 25 Cal. Rptr. 413 (1962).

■ ¿Cómo puede sostenerse que la suma reclamada a la Sucn. de Pérez Provecho es una proveniente de un contrato sobre pago de dinero, si en la propia demanda radicada se alega que la madre fue declarada incapacitada antes de la muerte de su esposo y que dos de los hijos son menores y que no tenían tutor nombrado para que los representara? ¿Qué consentimiento válido podían prestar para que surgiera el nuevo contrato? La demanda radicada era una simplemente en cobro de una cuenta corriente y ya hemos visto que en estos casos el Secretario no puede dictar sentencia. *Rivera v. Corte,* supra.

No estando el Secretario autorizado a dictar la sentencia, actuó sin jurisdicción al dictarla. Hemos resuelto que sentencias así dictadas son nulas. *De León v. Pérez,* supra; *Rivera v.*

*Corte,* supra; *Congress Cigar Co., Inc.* v. *Grau,* 44 D.P.R. 649 (1933).

Se sostiene pues la resolución recurrida que determinó que la sentencia dictada en el caso #2852 de la Corte Municipal de Río Piedras es nula por el tercer fundamento aducido por el juez recurrido.([5])

*Se anulará el auto expedido y el caso será devuelto al tribunal de instancia para que proceda dentro de la premura que las circunstancias lo permitan a considerar las otras cuestiones planteadas.*

---

([5]) La sentencia en el caso #2852 también es nula en cuanto a un hijo mayor de edad ausente de Puerto Rico a la fecha en que se interpuso la demanda por no haber sido debidamente emplazado. Lo admite la parte demandada, aquí recurrente.