TEXTO COMPLETO DE LA SENTENCIA
El 19 de agosto de 1999, la Leda. Annie Franco Carmona (en adelante licenciada Franco) presentó Petición de Certiorari y Moción en Auxilio de Jurisdicción y solicitó la revocación de la Resolución emitida el 17 de agosto de 1999 por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante dicha resolución, el tribunal de instancia designó a la licenciada Franco como defensora judicial en el caso de Miriam Beverly Otero Prann v. Javier Delbrey Rivera, Civil Número DDI-93-1838 (703). Por los fundamentos que expondremos, EXPEDIMOS el Auto solicitado y REVOCAMOS la Resolución recurrida.
I
El 16 de agosto de 1999, la licenciada Franco presentó ante el tribunal de instancia un escrito titulado “Moción Urgente”. En dicho escrito, el cual transcribimos in extenso, la licenciada Franco alegó lo siguiente:

“3. La suscribiente fue designada defensora judicial en este caso durante el año 1995, cuando era Procuradora Especial de Relaciones de Familia. Luego de haber estado por espacio de 4 años en el presente caso como defensora judicial, a la suscribiente la sustituyen y no es renominada como Procuradora Especial de Relaciones de Familia, renunciando a su posición el 1ro. de julio de 1998.

4....

5. Verbalmente, y para su sorpresa, la licenciada Lourdes Luciano, Procuradora Especial de Relaciones de Familia asignada a la Sala 406 el día 16 de agosto de 1999, solicita que la suscribiente permaneciera como defensora judicial de los menores y que fuera pagada por los padres. Entre otros argumentos, además de que éste era el mes de los niños, indicó no encontrarse preparada para ver este incidente porque este caso le fue asignado el día 12 de agosto de 1999 y que por lo voluminoso del expediente no podía estar preparada para la vista del 16 de agosto. Invocó el derecho de los menores a estar adecuadamente representados y solicitó que la Oficina del Procurador fuera relevada de la representación, dejándose dicha representación a la suscribiente. Adicional a esto, añadió que la Procuradora asignada para este caso era la licenciada Lillian Ruiz, pero que 
*717
al estar las salas en Bayamón asignadas por Procuradora, a ella le tocaba la sala 406 y se entera de ello el día 12 de agosto.

6. La suscribiente solicitó que permaneciera la oficina de la Procuradora Especial de Relaciones de Familia como defensoras judiciales por lo siguiente:

a. La Procuradora fue el defensor judicial designado desde el principio. Dicha designación no fue “ultra vires” ni fuera de la jurisdicción de este Tribunal por el marcado conflicto de los padres con sus hijos desde un principio y siendo la Procuradora el defensor judicial por excelencia en casos de intereses en conflicto de los menores con sus padres. No se establecieron honorarios por tal razón, ya que la Procuradora actúa de oficio, es decir, sin costo para los menores o los padres.

b. Que conoce el funcionamiento de las oficinas de Procuradores Especiales de Relaciones de Familia y que estos argumentos traídos por la Procuradora Lourdes Luciano la ponen en un serio conflicto con su anterior patrono y cliente, por cuanto conoce que nunca ha habido problemas de asumir los casos de anteriores Procuradoras que eran sustituidas o trasladadas a otras jurisdicciones, siendo inclusive en ocasiones necesario que el Tribunal ordenara la transcripción de los testimonios de testigos que ya hayan declarado en casos donde sería muy oneroso volver a empezar, como en este caso.

c. Que no ha tenido contacto en el último año con los menores, desconoce si han variado sus versiones o si tienen algo nuevo que informarle a su representante legal, de qué forma han sido afectados con las últimas resoluciones o sentencias recaídas y lo que aún es peor, forzarla a ver una vista bajo unas circunstancias como éstas es duplicar el daño a estos niños, que ya han sufrido las consecuencias de todo este proceso. La mejor defensa de estos niños no se logra atropellando la celebración de una vista, por cuanta la orden del Tribunal de Circuito que se citó en sala (debe recordar que no ha visto ni ha tenido el expediente en sus manos para poder citarla con propiedad), para que se celebrara una vista dentro del término de 90 días no puede interpretarse como un cheque en blanco para violentar las más elementales normas del debido proceso de ley.

d. Al así actuar, el Tribunal pone a esta parte en la posibilidad de conflicto con su anterior patrono y clientes, (Canon 21 de Etica Profesional), además de no poder realizar un contrainterrogatorio eficaz y con todos los elementos para poder traer al Tribunal la verdad de estos hechos, porque desconoce lo habido hasta la fecha, tanto en lo procesal y jurídico como en lo extrajudicial.

e. Que existe una Procuradora designada para este caso, que el Tribunal no ha considerado citar con la misma premura que citó a la suscribiente, de un viernes a un lunes, que ha debido ya examinar el expediente y si no lo ha hecho, está en la obligación de hacerlo. En esta etapa es importante conocer si el señor Secretario de Justicia, o la División de Menores y Familia que éste dirige conoce lo aquí planteado por la Procuradora Lourdes Luciano, por cuanto es claro que existe una directriz de que este caso permanezca en las manos del Departamento de Justicia, a cargo de la licenciada Lillian Ruiz.

f. Que la solicitud de nombramiento de defensor judicial de oficio debe guiarse por las normas de condición económica, no habiéndose considerado ese aspecto al obligar a la suscribiente a permanecer en este caso, siendo las partes personas con medios económicos y no teniendo esta parte ningún arreglo económico con ninguna parte en este pleito por no haber participado en el pleito en igual calidad que participa ahora (porque así lo obliga el Tribunal).

g. Que la suscribiente tiene una práctica privada que está comenzando a establecer, cuya responsabilidad de haber “previsto o imaginado” que a la vista del 16 de agosto de 1999 tendría que comparecer no era 
*718
imputable, cuando no recibió anticipadamente por escrito las pretensiones de la Procuradora Especial de Relaciones de Familia de que la suscribiente continuara en el caso, lo que le trae un serio disloque en el manejo de sus asuntos y clientes en la oficina, trayendo ésto como consecuencia unos daños a su imagen como profesional que un pago posterior como defensora judicial no podrá borrar.

POR TODO LO CUAL, se solicita muy respetuosamente de este Honorable Tribunal declare SIN LUGAR la solicitud de la Procuradora de Relaciones de Familia de ser relevada de la representación de los menores, ordenando de inmediato la comparecencia de la licenciada Lillian Ruiz o su jefe el Secretario de Justicia para que el asunto de la representación de los menores se aclare, y dejando sin efecto la designación de defensora judicial adicional para los menores a que se ha hecho a la suscribiente. ”

El 17 de agosto de 1999, la licenciada Franco presentó en corte abierta una segunda moción urgente y en solicitud de relevo. En la misma, la licenciada Franco alegó que “los menores continúan afectándose por una representación pro forma, razón por lo cual reitera su solicitud de que se le releve y se ordene al Procurador a cargo de este caso o ala compareciente a sala, Leda. Lourdes Luciano, a continuar con la representación de los menores ”.
También, el 17 de agosto de 1999, la Procuradora Especial de Relaciones de Familia, Leda. Lourdes Luciano, presentó en corte abierta un escrito titulado “Moción Solicitando Relevo de Participar en Procedimiento”. En síntesis, la licenciada Luciano alegó que no estaba preparada para asumir la representación legal de los menores por no estar relacionada con la prueba ni con los menores, que la licenciada Franco no tenía impedimento legal para continuar como defensora judicial, aunque ya no desempeñaba el cargo de Procuradora Especial de Relaciones de Familia y que “pretende la Lie. Franco que la Procuradora se mantenga en el caso y que con escuchar las grabaciones de las vistas y leerme las cajas del expediente es un asunto de fácil disposición”.
Luego de evaluar las mociones presentadas por la licenciada Franco y por la Procuradora Especial de Relaciones de Familia, el 17 de agosto de 1999, el tribunal de instancia emitió resolución y designó a la licenciada Franco como defensora judicial. El tribunal de instancia determinó que la licenciada Franco era la persona mejor capacitada para representar a los menores. Además, dicha resolución también dispuso que a la licenciada Franco le fueran pagados honorarios por hora según determinados por el tribunal de instancia.
El 18 de agosto de 1999, el tribunal de instancia celebró vista y la licenciada Franco no compareció a la misma. Por tal razón, el tribunal de instancia emitió orden de arresto y citó a la licenciada Franco a comparecer a sala al día siguiente para la continuación del juicio. El tribunal de instancia también advirtió a la licenciada Franco que “[S]i se reitera en su aptitud [sic] de no comparecer para ejercer con sus funciones legales se procederá a que se le radique un In re: ante el Procurador General de Justicia. ”
La orden de arresto emitida contra la licenciada Franco fue diligenciada el 18 de agosto de 1999 en horas de la noche. Luego de prestar la fianza impuesta, la licenciada Franco fue dejada en libertad y citada a comparecer al tribunal de instancia al día siguiente.
Así las cosas, el 19 de agosto de 1999, la licenciada Franco acudió ante nos mediante petición de certiorari y moción en auxilio de jurisdicción. La licenciada Franco alegó que el tribunal de instancia erró al nombrarla defensora judicial sin fundamento legal alguno y que el tribunal de instancia erró al nombrarla defensora judicial porque dicho nombramiento impedía que ella ejerciera su “derecho de establecer las relaciones abogado-cliente que estime y desee, violentando los más elementales principios del debido proceso de ley y constitucionales”. También, la licenciada Franco alegó que “[L]a decisión de asignar a una Procuradora ya *719 está tomada y tiene nombre distinto al de Annie Franco Carmona. Se llama Lillian Ruiz. Terminemos con los discrímenes, cuando de obligar a un funcionario que tiene la obligación en ley se trata. ” Por lo tanto, la licenciada Franco solicitó la revocación de la resolución emitida por el tribunal de instancia el 17 de agosto de 1999.
El 19 de agosto de 1999, emitimos resolución respecto a la moción en auxilio de jurisdicción y ordenamos a la Procuradora Especial de Relaciones de Familia que dentro de un término de 24 horas mostrara causa por la cual este Tribunal no debía revocar la resolución recurrida. El 20 de agosto de 1999, la Procuradora Especial de Relaciones de Familia presentó escrito en cumplimiento de orden y alegó que el tribunal de instancia no había cometido los errores señalados por la licenciada Franco y que ésta no demostró que el tribunal de instancia abusó de su discreción al nombrarla defensora judicial. Además, la Procuradora Especial de Relaciones de Familia alegó que “el defensor judicial representa a la parte más indefensa en el pleito y que es fundamental que se persiga lo que se considere que es el mejor bienestar de los menores. Ciertamente al tomar en consideración tales factores resulta forzoso concluir que la licenciada Franco es la persona mejor capacitada para representar a los menores objeto de la presente controversia. ”
Al estar perfeccionado el recurso ante nuestra consideración, procedemos a resolver.
II
El defensor judicial es un tutor especial nombrado por el tribunal para que represente a un incapacitado o a un menor en un pleito específico. Dicho nombramiento puede recaer en el pariente que tenga la tutela legítima del menor, en otro pariente o, inclusive, en un extraño, Artículo 160 del Código Civil, 31 L.P.R.A. Sección 617; Fernández Martínez v. Tribunal Superior, 89 D.P.R. 754, 758 (1964). Por lo tanto, el nombramiento de defensor judicial no necesariamente tiene que recaer sobre el Procurador Especial de Relaciones de Familia, puesto que el mismo puede recaer sobre un abogado en la práctica privada.
En el expediente ante nuestra consideración, no hay constancia del nombramiento original de la licenciada Franco como defensora judicial de los menores mientras ésta desempeñaba el cargo de Procuradora Especial de Relaciones de Familia. No obstante, del análisis integral de los documentos que obran en autos surge que él tribunal de instancia confirió dicho nombramiento a la Oficina de la Procuradora Especial de Relaciones de Familia como tal y no a la licenciada Franco en su carácter personal. Si bien es cierto que la licenciada Franco no notificó al tribunal de instancia que ya no desempeñaba el cargo de Procuradora Especial de Relaciones de Familia, también es cierto que ello no es óbice para que la Oficina de la Procuradora Especial de Relaciones de Familia continúe como defensor judicial de los menores ante los procedimientos llevados a cabo en el tribunal de instancia.
La resolución recurrida también establece que la licenciada Franco será compensada económicamente por su desempeño como defensora judicial. Sin embargo, la referida resolución no es adecuada porque no establece la cuantía de dichos honorarios y deja para una futura ocasión la forma y manera en que éstos serán pagados. Como la Procuradora Especial de Relaciones de Familia alega no estar preparada para asumir la representación legal de los menores debido a que el expediente del caso es voluminoso, procede que, de ser necesario, el tribunal de instancia conceda a ésta un período de tiempo adicional para poder preparar la estrategia legal a seguir en el caso y poder defender judicialmente a los menores.
Finalmente, es menester señalar que este Tribunal está consciente de que, en el presente caso, el interés perseguido por el tribunal de instancia al nombrar un defensor judicial fue el bienestar de los menores. No obstante, la animosidad existente entre la licenciada Franco, la Oficina de la Procuradora Especial de Relaciones de Familia y los padres de los menores, no propicia un ambiente adeeuado e ideal para defender los *720 intereses de los menores de la forma más idónea. Por consiguiente, resolvemos que el tribunal de instancia erró al nombrar a la licenciada Franco, en su carácter personal, como defensora judicial de los menores dado que la Oficina de la Procuradora Especial de Relaciones de Familia es quien debe ser considerada defensora judicial de los menores.
III
En virtud de los fundamentos que anteceden, EXPEDIMOS el Auto solicitado y REVOCAMOS la Resolución recurrida.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 2000 DTA 23
1. Específicamente, de la página 7 de la Petición de Certiorari surge que la licenciada Franco expresó lo siguiente:

“Este recurso, de hecho, ha sido redactado ante la incredulidad de lo ocurrido y el trato recibido de las partes, poniendo a la suscribiente a tener serias dudas si estos menores, con igual crueldad que la aquí desplegada contra la suscribiente, no han sido manipulados para que aleguen un abuso sexual. Esto, adicional a lo esbozado menos le permite desempeñar esta posición de manera objetiva, ni aun pagándole. ”