Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| DIANA TERESA DÍAZ CRUZ<br><br>EX PARTE<br><br>Recurrida<br><br><br>PROCURADORA DE ASUNTOS DE FAMILIA<br><br>Peticionaria | KLCE202500535 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Sobre: *Injunction* (Entredicho Provisional, *Injunction* Preliminar y Permanente)<br><br>Caso Núm. SJ2024RF00655 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de agosto de 2025.

Comparece ante nos la parte peticionaria, la Oficina del Procurador General de Puerto Rico, en representación del Ministerio Público, a través de la Procuradora de Asuntos de Familia (en adelante, parte peticionaria o Procuradora), y nos solicita la revisión de la *Resolución* emitida y notificada el 21 de marzo de 2025, por el Tribunal de Primera Instancia, Sala de San Juan. Mediante esta, el Foro Primario autorizó una solicitud de autorización judicial para llevar a cabo la partición de un caudal hereditario.

Por los fundamentos que expondremos a continuación, se *desestima* el presente recurso de *Certiorari* por falta de jurisdicción.

**I**

El 17 de mayo de 2024 la parte recurrida, Diana Teresa Díaz Cruz (en adelante, parte recurrida o Díaz Cruz) presentó una *Petición de Autorización Judicial para Proceder a la División de las*

Número Identificador

RES2025 _____

*Herencias.*[1] En la misma, la señora Díaz Cruz expresó que, posterior a la muerte de sus padres, David E. Díaz y Ana Dolores Cruz, fue nombrada tutora de su hermana, Yolanda Raquel Díaz Cruz (en adelante, incapaz), mediante *Sentencia* en el caso núm. SJ2020RF00710. Sostuvo que había un acuerdo entre todos los herederos y legatarios sobre cómo se llevaría a cabo la partición, y que el único consentimiento que faltaba era el de la incapaz. Por ello, debido a que ambas eran coherederas de los causantes y existía la posibilidad de un conflicto de interés, la señora Díaz Cruz solicitó que se le nombrara un defensor judicial a la incapaz y se autorizara la partición del caudal hereditario.

Posteriormente, el 11 de junio de 2024, la Procuradora presentó un *Primer Informe Fiscal*, en el cual adujo que, al haber entre los herederos, una persona declarada incapaz judicialmente, la adjudicación, partición y liquidación del caudal hereditario debía llevarse a cabo por la vía judicial.[2] Igualmente, sostuvo que, a pesar de que el procedimiento era uno ex parte, todos los herederos y legatarios debían comparecer y juramentar la referida petición.

Tras varios incidentes procesales, el 10 de julio de 2024, la parte peticionaria presentó su *Segundo Informe Fiscal.*[3] En el mismo, la Procuradora informó que el causante había legado una porción de su herencia a su hermana, Enriqueta Díaz, viuda de Gibson, quien había fallecido. Alegó que dicha eventualidad provocó que los herederos de esta tengan un derecho hereditario en el presente caso, por lo que arguyó que estos eran partes indispensables que debían ser incluidas en el pleito.

Así, tras acontecidas las incidencias de rigor, el 11 de octubre de 2024, se celebró la *Vista de Autorización Judicial.*[4] En la misma,

---

[1] Apéndice del recurso, págs. 1-7.
[2] *Íd.*, págs. 100-104.
[3] *Íd.*, págs. 446-448.
[4] *Íd.*, págs. 815-819.

la Procuradora se opuso a la celebración de la vista, debido a que aún faltaba acumular las partes indispensables antes aludidas. Aun así, se celebró la misma y fue nombrado José Carlos Colón Cruz (en adelante, Colón Cruz), como defensor judicial de la incapaz por el Foro Primario. Luego de culminado el desfile de la prueba presentada por la parte recurrida, el señor Colón Cruz expresó estar de acuerdo con la partición de la herencia, así como que reconoció que la misma era beneficiosa para la incapaz.

Así las cosas, el 21 de marzo de 2025, el Tribunal de Primera Instancia emitió la *Resolución* recurrida.[5] En síntesis, el Foro Primario autorizó la liquidación del caudal hereditario en cuestión y aprobó los cuadernos particionales sometidos. En su dictamen, el Foro *a quo* indicó que la incapaz estaba representada por el defensor judicial, el doctor Ricardo A. Cruz García. No obstante, al emitir el dictamen, el Foro *a quo* omitió notificar al defensor judicial de la incapaz de la referida *Resolución*.

Inconforme, y tras denegada una solicitud de reconsideración, el 15 de mayo de 2025, la parte peticionaria presentó el recurso ante nos, y señaló la comisión de los siguientes errores:

> Erró el foro primario al conceder la *Petición sobre Autorización Judicial*, aun cuando todos los legatarios son parte indispensable del caso y no han sido debidamente acumulados.

> Erró el foro primario al no notificar copia de la *Resolución* que declaró "Ha Lugar" la *Petición sobre Autorización Judicial* al Defensor Judicial de la incapaz designado en este caso, a pesar de que este representa a la incapaz.

## II

## A

Ha sido reconocido en nuestro ordenamiento jurídico que el defensor judicial es un "tutor especial nombrado [por el tribunal] para que represente a un incapacitado o a un menor en un pleito

---

[5] *Íd.*, págs. 826-833.

específico". *Rivera Marrero v. Santiago Martínez,* 203 DPR 462, 486 (2019), citando a *Crespo v. Cintrón,* 159 DPR 290, 300 (2003); *Fernández Martínez v. Tribunal Superior,* 89 DPR 754, 758 (1964). Dicho nombramiento surge como corolario al poder de *parens patriae* del Estado. *Rivera Marrero v. Santiago Martínez,* supra, pág. 486. Conforme a ello, el defensor judicial tiene como único y principal objetivo velar por el bienestar de los menores e incapaces, así como de suplir su capacidad jurídica en los procedimientos que se ventilen ante un foro judicial. *Íd.* De este modo, nuestro estado de derecho permite que un tribunal nombre un defensor judicial para que represente a una persona incapacitada judicialmente siempre que lo estime conveniente o porque la ley lo requiera. 32 LPRA Ap. V, R. 15.2.

**B**

En lo pertinente a la controversia que nos ocupa, es norma reiterada que "la notificación de un dictamen judicial final es un requisito con el que se debe cumplir de modo tal que el ciudadano afectado pueda enterarse de la decisión final que se ha tomado en su contra". *Dávila Pollock et als. v. R.F. Mortgage,* 182 DPR 86, 94 (2011). Al precisar sobre el requisito de la notificación, el ordenamiento jurídico dispone que, hasta tanto una sentencia, orden o resolución no es notificada con adecuacidad a todas las partes, el pronunciamiento de que trate no es vinculante. *Caro v. Cardona,* 158 DPR 592, 600-601 (2003). Arrogarle efecto jurídico a una determinación judicial que no ha sido debidamente notificada, lacera la máxima constitucional que garantiza a los ciudadanos conocer los fundamentos de una adjudicación sobre la cual ostentan determinado interés. *Berríos Fernández v. Vázquez Botet,* 196 DPR 245, 251 (2016); *R&G Mortgage v. Arroyo Torres y otros,* 180 DPR 511, 520 (2010). En dicho contexto, el debido proceso de ley exige proveerles plena comprensión de los pronunciamientos emitidos por

los tribunales de justicia, para que así puedan, de forma oportuna, solicitar los remedios que entiendan procedentes a su causa. *Berríos Fernández v. Vázquez Botet,* supra, pág. 251. Así pues, dado a su efecto sobre los procedimientos posteriores a determinado dictamen judicial, la notificación no constituye un mero requisito o formalidad. *Dávila Pollock et als. v. R.F. Mortgage,* supra, pág. 94. Ello así, toda vez que, ante una notificación defectuosa, los términos que de ella dimanan no comienzan a decursar. *Com. PNP v. CEE et al. III,* 196 DPR 706, 743-744 (2016); *Banco Popular v. Andino Solís,* 192 DPR 172, 183 (2015); *Caro v. Cardona,* supra, pág. 600.

## C

Por su parte, conforme dicta nuestro estado de derecho, los tribunales de justicia deben ser celosos guardianes de su jurisdicción, estando obligados a considerar tal asunto aún en defecto de señalamiento del mismo. *Greene y otros v. Biase y otros,* 2025 TSPR 83, 216 DPR ___ (2025); *Mun. Río Grande v. Adq. Finca et al.,* 2025 TSPR 36, 215 DPR ___ (2025); *Mun. De San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014); *Moreno González v. Coop. Ahorro Añasco,* 177 DPR 854, 859 (2010). Las cuestiones relativas a la jurisdicción son de carácter privilegiado y las mismas deben resolverse con preferencia a cualesquiera otras. *Freire Ruiz et al. v. Morales, Hernández,* 2024 TSPR 129, 214 DPR ___ (2024); *JMG Investment v. ELA et al.,* 203 DPR 708, 714 (2019); *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 297 (2016). La falta de jurisdicción no es susceptible de ser subsanada y, ante lo determinante de este aspecto, los tribunales pueden considerarlo, incluso, *motu proprio. Mun. De San Sebastián v. QMC Telecom,* supra, pág. 660; *García v. Hormigonera Mayagüezana,* 172 DPR 1, 7 (2007).

En este contexto y relativo a la causa que nos ocupa, la doctrina vigente establece que un recurso apelativo prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción del tribunal al que se recurre. *Ruiz Camilo v. Tafin Group, Inc.* 200 DPR 254, 269 (2018); *Juliá, et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366 (2001). Un recurso en alzada que se presenta antes de tiempo no produce efecto jurídico alguno, por lo que no puede atenderse en sus méritos. *Ruiz Camilo v. Tafon Group,* supra, págs. 268-269. De igual forma, el tribunal intermedio está impedido de conservarlo con el propósito de reactivarlo posteriormente mediante una moción informativa. En consecuencia, el mismo tiene que ser nuevamente presentado. *Juliá Padró et al. v. Epifanio Vidal, S.E.,* supra, pág. 367.

**III**

En el caso ante nos, la parte peticionaria alegó que el Tribunal de Primera Instancia erró al autorizar la petición en ausencia de partes indispensables. Igualmente, planteó que el Foro Primario incidió al no notificarle el dictamen recurrido al defensor judicial nombrado para representar a la incapaz. Al examinar el recurso ante nos, no podemos sino concluir que estamos ante una causa prematura, ello puesto que no se observó la exigencia procesal de la notificación adecuada de la *Resolución* recurrida. En vista de que incide sobre nuestra jurisdicción, atenderemos el segundo señalamiento de error. Nos explicamos.

Surge claramente de los documentos en autos que, el 11 de octubre de 2024, el Tribunal de Primera Instancia nombró al señor Colón Cruz, como defensor judicial de la incapaz, Yolanda Raquel Díaz Cruz. Sin embargo, en su dictamen, el Foro Primario erróneamente mencionó al doctor Ricardo A. Cruz García como la persona responsable de fungir como defensor judicial de esta. A pesar de esta incongruencia, y conforme a lo exigido por el debido

proceso de ley, era indispensable que se le notificara la *Resolución* recurrida al defensor judicial.

Tal cual esbozado en el resumen doctrinal, se ha reconocido que, al nombrar un defensor judicial, este se transforma en el tutor especial que representará a la persona declarada incapaz judicialmente en un pleito específico. Igualmente, este vendrá obligado a velar por los derechos de su representado. Del expediente que obra en autos, además de la contradicción sobre la persona nombrada defensor judicial, no surge que la incapaz tuviese representación legal. Por lo cual, la responsabilidad de defender sus intereses en el presente caso recaía exclusivamente sobre el defensor judicial designado por el Tribunal de Primera Instancia. En consecuencia, la omisión de cumplir con la notificación que exige nuestro estado de derecho imposibilitó que la parte afectada estuviese debidamente informada sobre la determinación que se tomó en su contra, así como que impidió que los términos para solicitar la revisión de la referida *Resolución* comenzaran a decursar.

Siendo así, resulta forzoso concluir que la presente comparecencia es un llamado anticipado al ejercicio de nuestras funciones revisoras. En consecuencia, solo podemos proveer para la desestimación del presente recurso por falta de jurisdicción, por razón de ser prematuro.

**IV**

Por los fundamentos que anteceden, se desestima el presente recurso de *Certiorari* por falta de jurisdicción.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones